WILLIAM WAYMAN *et al.*

*v.*

JOHN P. CROZIER.

1. ABATEMENT — *improper service of process.* In a suit in chancery against William Wayman and Jane Wayman, his wife, the return showed that the summons was served upon the latter by " William Wayman," as deputy sheriff. A decree *pro confesso* was entered, and, on writ of error, prosecuted by the defendants, it was insisted the service upon Jane Wayman was not good, because made by her husband, it being presumed the "William Wayman" who served the summons was the same " William Wayman" who was her husband and co-defendant in the suit. *Held,* if this were so, it would be only matter of abatement, or a motion to quash the return. The alleged improper service not being noticed in the court below, the objection cannot be taken for the first time on error.

2. MERGER *of bond secured by mortgage, in a judgment at law — measure of damages on subsequent foreclosure.* The rule laid down in the preceding case of *Wayman and wife* v. *Cochrane,* on this subject, is approved.

WRIT OF ERROR to the Superior Court of Chicago.

This was a suit in chancery instituted in the court below by John P. Crozier against William Wayman, Jane Wayman, his wife, and Isabella Cochrane, to foreclose a mortgage.

It appears that one William Wayman and one Thomas Shergold had executed their joint bond to Crozier, conditioned for

the payment of $5,000, with ten per cent. interest thereon, and to secure its payment, Wayman and his wife executed to Crozier a mortgage upon real estate. On the 9th of January, 1862, payment not being made as stipulated in the bond, a judgment at law was entered thereon by confession. Subsequently, on the 14th of February, in the same year, this suit was instituted to foreclose the mortgage. The return upon the summons shows that it was served upon Jane Wayman by "William Wayman," as deputy sheriff.

The bill was taken as confessed, and a final decree was entered, finding the amount due to be the amount named in the bond, with interest thereon at ten per cent. per annum from the time fixed in the bond.

The mortgage in this case contains the same covenant for the payment of the amount named in the bond, with ten per cent. interest, as is found in the mortgage in the preceding case of *Wayman and wife* v. *Cochrane.*

The defendants below sued out this writ of error, to reverse that decree, alleging it is erroneous: *First,* because there is no sufficient service of process upon Jane Wayman, as it is presumed the "William Wayman" who served the summons upon her as deputy sheriff, was the same "William Wayman," who was her husband and co-defendant in the suit. *Second,* that as the bond to secure which the mortgage was given had become merged in a judgment at law which could only draw six per cent. interest, the measure of recovery upon a foreclosure of the mortgage, was the amount of that judgment, with six per cent. interest thereon from the date of the judgment to the time of rendering the decree, and not the principal sum mentioned in the condition of the bond, with ten per cent. interest.

Mr. ARTHUR W. WINDETT, for the plaintiffs in error.

Mr. EDWARD S. ISHAM, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It is urged that the summons in this case was served on Jane Wayman, by her husband, as deputy sheriff, and that the service was, for that reason, void. The suit was against William Wayman, Jane Wayman and Isabella Cochrane. The return shows that the two latter were served by "William Wayman," as deputy sheriff. If this were so, it would be only matter of abatement, or motion to quash the return. The alleged improper service was not noticed in the court below, and the objection comes too late when made in this court for the first time.

It is again urged that the court below erred in rendering a decree for interest on the bond, at the rate of ten per cent. per annum, from its date till the decree was passed. But that the court should have computed the interest on the judgment rendered on the bond, at the rate of six per cent. In the case of *Wayman* v. *Cochrane, ante,* 152, the same question was presented, discussed, and it was determined that the bond merged in the judgment, and the mortgage thereby became an incident to, and a security for the judgment. And that the covenant in the mortgage, for the payment of the debt and interest, was no more extensive in its effect than the judgment; that the proper basis of the decree was the judgment and six per cent. interest per annum. We deem it unnecessary, at this time, to again discuss the question. The decree of the court below is reversed and the cause remanded.

*Decree reversed.*