103  472
151  621
153   16

103  472
53a  327

103  472
195  ¹154
196  ²267

103  472
209  ³105

103  472
113a ⁴427

## ST. LOUIS AND SANDOVAL COAL AND MINING COMPANY

### *v.*

### FRANCIS H. EDWARDS *et al.*

*Filed at Mt. Vernon June 21, 1882.*

1. APPEALS AND WRITS OF ERROR—*by one or more of several parties.* Under the provisions of the Practice act, any one of two or more parties to a suit, either at law or in equity, may sue out a writ of error to have reviewed the propriety of any final decree or judgment.

2. FRANCHISE—*whether involved in suit to wind up affairs of a corporation, and to dissolve the same.* Where a bill is filed against an insolvent corporation by certain of its stockholders and creditors, making the other stockholders parties, praying that the affairs of the corporation be wound up and the corporation itself dissolved, and its effects placed in the hands of a receiver, and a decree is granted to the same extent, a franchise is involved in the litigation, and a writ of error must be sued out, if at all, by the corporation from this court, and the fact that some of the defendants have perfected an appeal to the Appellate Court, will not deprive this court of jurisdiction of a writ of error brought by the corporation.

3. SERVICE OF PROCESS—*on corporation.* On a bill by a director of a private corporation and others, stockholders and creditors of the corporation, the only service on the corporation was by leaving a copy of the summons with the complainant director, the return stating that "the president, clerk, secretary, superintendent, general agent, cashier and principal of said company not found." The bill alleged that the president and all the other directors and officers of the company were non-residents: *Held,* that the service as to the corporation was void, the director with whom the notice was left being a party complainant in the suit, and, the service being void, advantage might be taken of it on error as well as in the trial court.

4. RECEIVER—*whether properly appointed—to take charge of affairs of corporation.* On a bill by a portion of the stockholders, a director and creditor of a private corporation, against the corporation and the other stockholders, alleging mismanagement of the business of the company, its insolvency, its ceasing to prosecute the work for which it was organized, and that it would be useless to resume business, on account of financial embarrassment, and praying for a dissolution of the corporation and the appointment of a receiver, in which the defendant stockholders were properly served by actual or constructive notice of the suit, though the service of summons as to the corporation itself was void, it was *held,* that a clear case was shown for the appointment of a receiver, and the part of the decree making such appointment was affirmed, while that part dissolving the corporation was reversed for want of proper service on the corporation.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Mr. M. MILLARD, for the plaintiff in error:

The service as to the corporation was not good. It was on Main, a director of the company, who was an active and interested party in prosecuting the suit. It has been frequently decided that a party can not bring a suit and execute process himself. *Snydacker* v. *Brosse,* 51 Ill. 357; *O'Conner* v. *Wilson,* 57 id. 226; *Hammer* v. *Dole,* 61 id. 307; *Filkins* v. *O'Sullivan,* 79 id. 524; *Lee* v. *Fox,* 89 id. 226.

A receiver should be appointed in no case unless it is made to appear there is an imperative necessity for the step to preserve some particular property for such parties as shall be entitled to the benefit. *First Nat. Bank* v. *Gage,* 79 Ill. 207.

There was no ground for dissolving the corporation. The bill does not allege that the company had forfeited its rights or franchises. There were no judgments or decrees for the payment of money standing against the company, and the receiver's report shows it had ample resources to pay its debts.

Mr. M. SCHAEFFER, and Mr. H. C. GOODNOW, for the defendants in error:

If a corporation suffers acts to be done which destroy the end and objects for which it was instituted, it is equivalent to a surrender of its rights. Angell & Ames on Corporations, (9th ed.) p. 768; 2 Kent's Com. 311, 312; 1 Paige, 258; 4 Sandf. Ch. 559.

Every private corporation is subject to dissolution by a surrender of its corporate franchises, and a forfeiture of them by a willful mis-user or non-user. *Mumma* v. *Potomac Co.* 8 Pet. 287.

As to circumstances under which a corporation may be dissolved, see State v. *Pawtuxet Turnpike Co.* 8 R. I. 182; *The People* v. *The Kingston Turnpike Co.* 23 Wend. 193.

To save the subject of litigation, or rescue it from probable destruction, a receiver may be appointed. *Baker* v. *Admr. of Backus,* 32 Ill. 79.

The residence of the St. Louis and Sandoval Coal and Mining Company was in Marion county, Illinois, and it was not a non-resident, and no other person on whom process could be served resided in Marion county, Illinois. Process could not be served· by publication on the company. The stockholders of the company were all in court. Those who were not complainants were either actually or constructively served, so that service was had upon all the officers of the company. Hence no facility for imposition.

This company was organized under the general law of the State, and hence section 25 of the act of 1872 is applicable to this company, and that act has given the chancery court jurisdiction in all cases for good cause shown, as well as certain causes pointed out in that section and charged in this bill, among others. *Richardson* v. *Akin,* 87 Ill. 138; *Law* v. *Buchanan,* 94 id. 76; *Wincock et al.* v. *Turpin,* 96 id. 135.

Mr. Chief Justice Scott delivered the opinion of the Court:

The bill in this case was brought by stockholders in the St. Louis and Sandoval Coal and Mining Company, against the corporation and other stockholders in the company. One of complainants, Seymore, is a creditor, and another, Main, is a director of the corporation. It is conceded the St. Louis and Sandoval Coal and Mining Company is a corporation existing under the laws of this State, and was organized under the general law of 1872. It is alleged in the bill the directors of the company are all residents of the State of Missouri, except complainant Isaac Main; that the corporation has contracted large indebtedness for sinking a shaft on

grounds purchased for that purpose by the company, and for other purposes; that the corporation has become wholly insolvent; that the directors were fraudulently mismanaging the affairs of the corporation; that the company has ceased to prosecute the work for which it was organized; that it is useless for the company to attempt to resume business, on account of financial embarrassment, and the prayer of the bill is, the affairs of the corporation should be wound up, that a receiver be appointed, and the property of the corporation be sold to pay its indebtedness, and the "corporation dissolved and for naught esteemed in law."

The only service of process on the corporation was made by leaving a copy of the summons with "Isaac Main, a director of said company, the president, clerk, secretary, superintendent, general agent, cashier and principal of said company not found." Other defendants were all either actually or constructively served with process. No one appearing for the corporation, a default was entered, and a decree *pro confesso* rendered against it, as well as against all other defendants not answering. The court found the allegations of the bill substantially true, and entered a decree dissolving the corporation, and appointed a receiver to take charge of its property for the security of its creditors and others interested in it, and continued the cause, that its decree might be executed. The corporation has alone sued out a writ of error in the case from this court, and defendants in error come and move to dismiss the writ of error for reasons assigned, none of which are tenable. It sufficiently appears counsel has authority to prosecute the suit in this court on behalf of the corporation, and by the provisions of the Practice act, any one of two or more parties to a suit, either at law or in equity, may sue out a writ of error. As respects the point made, a portion of defendants were allowed and perfected an appeal in the case to the Appellate Court for the Fourth District, that can make no difference. It is a case where this

court has jurisdiction, in the first instance, to hear the cause, because a franchise is involved in the litigation, and under the Practice act the writ of error must be sued out, if at all, by the corporation from this court. The prayer of the bill is, that the affairs of the corporation be wound up and the corporation itself dissolved, and the decree is to the same extent. It is, therefore, obvious a franchise is involved in the litigation.

Considering the errors assigned, it will only be necessary to notice the first of the series, viz., the service on the corporation was void because Main, the director with whom the summons was left for service upon the corporation, was one of complainants. This court has had occasion more than once to decide a party to the suit can not serve his own writ, and in *Lee* v. *Fox*, 89 Ill. 226, it was held, a petitioner could not serve the notice required by law to be given to the opposite party, and as such service was void, the court failed to obtain jurisdiction in the cause. Between the case cited and the one at bar there is a close affinity. Here the only service on the corporation was made by leaving a copy of the summons with Isaac Main, a director of the company, who was himself a complainant. On the principle of *Lee* v. *Fox*, the service of the defendant by leaving a copy of the summons with a complainant in the suit, although a director in the company, is void, and hence gave the court no jurisdiction of the corporation. It is not a case of mere defective service, as in *Wayman* v. *Crozier*, 35 Ill. 156, which the practice requires shall be pointed out in the trial court or it will be deemed to have been waived. The service being void, advantage may be taken of it on error as well as in the trial court.

The merits of the case, as made by the bill, will not now be considered. That can be better done when the corporation shall have made known its defence. But on the face of the bill it would seem to be a clear case for the appointment of a receiver—a necessary step under the facts stated, if

true, to the preservation of the property of the corporation for the benefit of the creditors and stockholders interested in it. That part of the decree of the circuit court appointing a receiver, as it was done in open court when the court had jurisdiction of a part of defendants, will be permitted to stand, and the residue of the decree will be reversed, and the cause remanded for further proceedings.

*Decree reversed in part and in part affirmed.*