THE ST. LOUIS AND SANDOVAL COAL AND MINING COMPANY

*v.*

THE SANDOVAL COAL AND MINING COMPANY.

*Filed at Mt. Vernon September 27, 1884.*

1. JUDGMENT AND DECREE—*jurisdiction—not void for error alone.* If a court has jurisdiction of the parties and subject matter of the controversy, and the party against whom the judgment or decree is rendered has had either actual or constructive notice of the pendency of the suit, no mere error can render the judgment void; but where jurisdiction is wanting, either as to the subject matter or the parties, the judgment is a nullity.

2. SAME—*when void, no rights can be based on it.* A judgment or decree in a case where the court fails to acquire jurisdiction of the party against whom it is rendered, or of the subject matter, being absolutely void, all acts performed under it are void, and no right can be divested or acquired under the same.

3. SAME—*not assailable, collaterally, for errors.* Where the court rendering a judgment or decree has jurisdiction both of the subject matter and of the persons of the parties, a mere error or irregularity can not be taken advantage of collaterally.

4. SAME—*jurisdiction over defendant corporation—void service.* On a bill filed to dissolve an insolvent corporation, and for the appointment of a receiver, the summons against the corporation was served by leaving a copy thereof with one of the complainants, a director of the defendant corporation: *Held,* that the service was void, and gave the court no jurisdiction over the corporation, and its decree authorizing the receiver to sell the property of the defendant corporation was a nullity, and might be attacked collaterally.

5. RECEIVER—*of corporation—may be appointed before court acquires jurisdiction over corporation.* The court may, on a proper showing, appoint a receiver to take charge of the assets of an insolvent corporation, to save the same from destruction or waste, before acquiring jurisdiction to adjudicate upon the rights of such corporation. In such case the receiver may be authorized to hold the property until the rights of the parties are determined. Placing property in the hands of a receiver is in the nature of an equitable attachment, whereby the court, through its officer, acquires the custody of such property.

6. SAME—*corporation may sue, by leave of court, after the appointment of receiver.* After a valid decree appointing a receiver for a private corporation, actions may be brought in its name, by leave of the court making such appointment, against any one except the receiver, to try the legal title to property claimed by such corporation.

7. SAME—*legal title—how vested in.* In the absence of any statutory provision on the subject, real estate can not be vested in the receiver except by a conveyance to him.

8. DECREE—*acts done under void decree not validated by a subsequent decree.* The sale of the property of an insolvent corporation under a decree in a suit in equity without service on the defendant corporation, is void, and fails to divest it of its property; and a subsequent decree, rendered after a reversal of the former one, can not relate back and render the void sale valid. The latter decree can only sustain a sale made after its rendition and upon its authority.

9. CORPORATION—*may sue after decree dissolving it.* A private corporation, after a decree of dissolution, remains in being for the purpose of settling up its affairs and having its property applied in the payment of its debts. The statute continues its corporate existence for two years after its powers have expired, by limitation or otherwise, for this purpose.

10. PLEADING—*nul tiel corporation—when proper.* After a decree dissolving a private corporation and appointing a receiver, leave of court was given it to bring an action of ejectment to try the title to real estate claimed and held adversely. The defendant pleaded *nul tiel corporation: Held,* that the plea was inapplicable to such a case, and that under it the defendant could not take advantage of the decree dissolving the corporation.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Mr. B. GRATZ BROWN, Mr. UPTON M. YOUNG, and Mr. ALEXANDER YOUNG, for the plaintiff in error:

The decree and sale were absolutely void, for the reason of a want of service of process on the defendant corporation. *St. Louis and Sandoval Coal and Mining Co.* v. *Edwards,* 103 Ill. 472.

Where there is no service on a minor defendant, and his appearance is entered by a guardian *ad litem,* a decree against the minor is void for want of jurisdiction, and a sale under such decree passes no title. *Chambers* v. *Jones,* 72 Ill. 275; *Grand Tower Mining and Trans. Co.* v. *Schirmer,* 64 id. 106; *Haywood* v. *Collins,* 60 id. 328.

A sale under a void judgment divests no title. *Chase* v. *Dana,* 44 Ill. 262; *Campbell* v. *McCahan,* 41 id. 45; *Johnson* v. *Baker,* 38 id. 98.

A judgment or decree is void unless the court has jurisdiction of the person of the defendant and of the subject matter. *White* v. *Jones*, 38 Ill. 159; *Curtis* v. *Brown*, 29 id. 228; *Pardon* v. *Dwire*, 23 id. 572; *Mulford* v. *Stalzenback*, 46 id. 306.

The application for permission to sue was properly made. Kerr on Receivers, 167; *Degroot* v. *Jay*, 30 Barb. 483.

If a receiver is merely authorized to sell property like a master, he takes no title. *Union Trust Co.* v. *Weber*, 96 Ill. 346.

A receiver can not sue without express authority from the court. *Screven* v. *Clark*, 48 Ga. 41.

Where a receiver is not authorized, either by statute or by the order of the court from which he derives his appointment, to sue in his own name, he can not do so, but must bring the action in the name of the corporation or party in whom the right of action was before the appointment of the receiver. *Manlove* v. *Burger*, 38 Ind. 211; *Yeager* v. *Wallace*, 44 Pa. St. 294; *Boothe* v. *Clark*, 17 How. 331.

Real estate is vested in the receiver only by a conveyance to him. *Chatauqua Bank* v. *Risley*, 19 N. Y. 369.

It is the settled policy of this State, at least so far as domestic corporations are concerned, that upon their dissolution, however that may be effected, they shall, nevertheless, be regarded as still existing for the purpose of settling up their affairs and having their property applied for the payment of their just debts. *Life Association of America* v. *Fassett*, 102 Ill. 315; Rev. Stat. chap. 32, secs. 10, 25.

A railway corporation is not dissolved by the road going into the hands of a receiver, but it remains in being, capable of suing and being sued. *People* v. *Barnett*, 91 Ill. 422.

Mr. H. C. Goodnow, and Mr. M. Schæffer, for the defendant in error, contended that if the court had jurisdiction to appoint a receiver, its proceedings, even if erroneous, can not be called in question collaterally. High on Receivers, sec. 346.

A receiver is an officer of the court, acting under its orders and directions. He has no other powers, in the first place, than those conferred upon him by the order appointing him. His discretionary powers are very limited. His duties are prescribed by the court. Whenever it is for the interest of the parties concerned, the court will order the sale of the property, pending litigation. High on Receivers, sec. 192; *Hooper* v. *Winston*, 24 Ill. 353; *Union Trust Co.* v. *Weber*, 96 id. 346; *Wincock* v. *Turpin*, id. 135; *Otis* v. *Gross*, id. 612.

It is sufficient for a purchaser of real estate sold by a receiver, to see, first, that there was a suit in court in which the court appointed a receiver; second, that the receiver was authorized to sell; third, that he sold in pursuance of such authority; fourth, that the sale was confirmed by the court; and fifth, that the deed describes the property sold. High on Receivers, sec. 636.

By the decree in February, 1883, and even by the original order appointing a receiver, the corporation was dissolved and incapacitated to sue. Potter on Corporations, secs. 718, 719.

The plaintiff can not maintain this action, first, because the plea of *nul tiel corporation* is sustained; second, because if, as plaintiff claims, the sale by the receiver is void, then the property in controversy is still in the custody of the court, and in the rightful possession of the receiver or his lessee; and third, because the defendant is the legal owner, and in the rightful possession of the property, by virtue of its purchase from the grantee of the receiver, who was ordered to sell the same by the court having legal power to make such order.

Mr. Justice Dickey delivered the opinion of the Court:

This was an action of ejectment, brought by the St. Louis and Sandoval Coal and Mining Company, against the Sandoval Coal and Mining Company, to recover the possession of a coal mine and its appurtenances, situated at Sandoval, Marion county, Illinois, the declaration alleging title in fee ·

in the plaintiff. The defendant pleaded the general issue, and a special plea "that the plaintiff was not at the commencement of said suit, and is not now, a corporation, as by the said writ and declaration is above supposed." The parties waived a jury, and the cause was tried by the court. The finding was for the defendant, and overruling a motion for a new trial, the court rendered judgment against the plaintiff, and the plaintiff appeals to this court.

There is no question but that the title to the property involved in this action was in the plaintiff at the time of the sale of the same by the receiver, and still is, unless that sale, and the decree in the cause in which the sale was made, passed the title to the purchaser under whom the defendant claims. The plaintiff company was, in December, 1877, duly incorporated under the laws of this State for the purpose of mining coal near Sandoval, Illinois, the capital stock to be $50,000. The corporation procured conveyances in fee of the property in controversy, and received by donation the mining right to considerable land in the vicinity, upon condition that the company would, within two years, sink a shaft to a paying vein of coal, and operate a coal mine there. On June 27, 1878, the corporation having incurred an indebtedness to one Frank Seymour, under a contract for sinking a shaft, and being insolvent, as was alleged, Francis H. Edwards, Isaac Main, and others, stockholders, and said Seymour, as a creditor, filed their bill in the Marion circuit court, against said company (the plaintiff herein) and all the stockholders and officers thereof who were not complainants, charging the above facts, with others,—such as, a waste of assets, by fraudulently giving to one Townsend $10,000 in stock for nothing,—and praying for the appointment of a receiver, to take and sell the property of the company and pay its debts. Summons was served on the company by delivering a copy of the same to said Isaac Main, one of its directors, the other officers being non-residents, as was alleged

in the bill. The return to the summons showed that neither the president, clerk, secretary, superintendent, general agent, cashier nor principal of the company was found. This was the only service upon the corporation. Other defendants were all, either actually or constructively, served with process, or by publication. No one appearing for the corporation, a decree *pro confesso* was entered against it, as well as the other defendants not answering. The court found the allegations of the bill to be substantially true, and entered a decree dissolving the corporation, and appointed George W. Herod receiver, to take possession of and dispose of the property of the company, make conveyances to purchasers, and pay the debts. The receiver took possession and sold all of the property and mining rights to said Isaac Main, for $200, and made him a deed, which sale was reported to and approved by the court, and Main afterwards sold and conveyed the property to the defendant company in this action. On writ of error the decree was reversed in all things except as to the appointment of the receiver, and the cause remanded. (*St. Louis and Sandoval Coal and Mining Co.* v. *Edwards*, 103 Ill. 472.) When the case came again to the circuit court, plaintiff in error answered the bill. The cause was again heard at the February term, 1883, of the circuit court, and a decree was again entered dissolving the corporation and confirming the appointment of the receiver, but no other sale of the property was made under this decree. At the August term, 1882, leave was given to the plaintiff to sue for said property. Demand was made for possession, and a suit in ejectment was brought, which was dismissed at the February term, 1883, and this action was brought to the August term without any further leave, and after the decree dissolving the corporation.

The validity of the receiver's conveyance of the property made under the decree of the circuit court appointing him, depends upon the fact whether that court had acquired juris-

diction of the defendant corporation, for the law is well settled that if the court has jurisdiction of the parties and subject matter of the controversy, and the party against whom the judgment or decree is rendered has had either actual or constructive notice of the pendency of the suit, no error can render the judgment void; but when jurisdiction is wanting, either as to the subject matter or parties, the judgment is a nullity. (*Mulford* v. *Stalzenback*, 46 Ill. 306.) The judgment or decree in such a case being void, all acts performed under it are void, and no right can be divested by it or acquired under the same. *Campbell* v. *McCahan*, 41 Ill. 45; *Johnson* v. *Baker*, 38 id. 98; *Chambers* v. *Jones*, 72 id. 275; *Grand Tower Mining and Trans. Co.* v. *Schirmer*, 64 id. 106; *Haywood* v. *Collins*, 60 id. 328; *Chase* v. *Dana*, 44 id. 262. As a general rule a judgment is void unless the court has jurisdiction of the defendant and of the subject matter of the suit. *White* v. *Jones*, 38 Ill. 159; *Curtiss* v. *Brown*, 29 id. 229; *Pardon* v. *Dwire*, 23 id. 572. But when the court has jurisdiction both of the subject matter and of the persons of the parties, a mere error or irregularity can not be taken advantage of collaterally. *Adams* v. *Larimore*, 51 Mo. 130; *Wenner* v. *Thornton*, 98 Ill. 156; *Harris* v. *Lester*, 80 id. 307; *Wing* v. *Dodge*, id. 564; *Hernandez* v. *Drake*, 81 id. 34.

The case of *St. Louis and Sandoval Coal and Mining Co.* v. *Edwards, supra*, is decisive of this. In that case it was held that the service of the summons upon the defendant corporation by leaving a copy thereof with one of the complainants in the suit, although a director in such corporation, was void, and gave the court no jurisdiction over the corporation; and we adhere to the ruling in that case. The court having no jurisdiction of the party whose property was sought to be subjected to sale, its decree authorizing its sale is a nullity, and may be attacked collaterally.

It is urged that the court had at least legal power to make the order appointing the receiver, and authorize him to take

possession of and sell the property of the corporation, and
this court has so held in the case last above mentioned; and
it is claimed that if the facts alleged in the bill were suffi-
cient to give the court jurisdiction of the subject matter, and
authorized it to appoint a receiver, its proceedings in making
such appointment, even if erroneous, can not be called in
question in a collateral action.   It is a sufficient answer to
say that the mere power to appoint a receiver *pendente lite,*
to preserve property, does not include the power to authorize
him to sell and convey real estate.   The court may, on a
proper showing, appoint a receiver to take charge of the assets
of an insolvent corporation, and save the same from destruc-
tion or waste, before acquiring jurisdiction to adjudicate upon
the rights of such corporation.   In such case the receiver
may be authorized to hold the same until the rights of the
parties are settled and determined.   The appointment of a
receiver in such case is in the nature of an equitable attach-
ment, whereby the court acquires, through its officer, the
custody of property or assets, to be retained until it has
acquired jurisdiction.   The plaintiff in error, at the time of
the sale, was not a party to the suit.   The sale as against it
was void.   It could not be divested of its title by proceedings
to which it was not a party.   The subsequent decree could
not relate back to and render valid that which was void.   It
could only sustain proceedings of sale made after the valid
decree was made, and upon its authority.

After a valid decree appointing a receiver for a private
corporation, actions may be brought in its name, by leave of
the court, against any one except the receiver, to try the legal
title to property.   It remains in being for the settling up of
its affairs and having its property applied in the payment
of its debts.   (*Life Association of America* v. *Fassett,* 102 Ill.
315.)   The statute relating to private corporations continues
their corporate existence for two years after their powers have
expired, by limitation or otherwise, for the purpose of collect-

ing their debts and disposing of their property. (Rev. Stat. chap. 32, sec. 10; *Ramsey* v. *P. M. and M. F. Ins. Co.* 55 Ill. 311.) Real estate is vested in a receiver only by a conveyance to him, in the absence of any statutory provision on the subject. (*Chatauqua Bank* v. *Risley*, 19 N. Y. 369.) The court that appointed the receiver and decreed the dissolution of the corporation, having authorized suit in its name to try the title to land claimed by it, the plea of *nul tiel corporation* is inapplicable, and under it the defendant can not take advantage of the decree for the dissolution of the corporation.

It is further claimed, that if the sale and conveyance by the receiver are void, then the property in controversy is still in the custody of the court, and in the rightful possession of the receiver or his lessee. It is sufficient to say that the defendant does not hold possession of the property for the receiver, or as his lessee, but as his own.

It follows from what has been said, that the court erred in finding against the plaintiff, and the judgment will be reversed.

*Judgment reversed.*