| | |
|---|---|
| 70 | 343 |
| 37a | 27 |
| 70 | 343 |
| 39a | 308 |
| 70 | 343 |
| 65a | 297 |

## IRWIN E. BLISS

*v.*

## EBENEZER HARRIS *et al.*

1. JUSTICES' COURTS—*jurisdiction—strict formality not required.* While it is true, that a justice's court is an inferior one, and one of limited jurisdiction, and in order to render the judgments of such courts valid, it must appear that they had jurisdiction both of the subject matter and of the person, yet the policy of our laws forbids that the proceedings and judgment of these courts should be defeated by technicalities; therefore, formalities in the summons or rendition of judgment are not required.

2. SAME—*jurisdiction by appearance.* If a defendant appears before a justice of the peace, and voluntarily submits himself to the jurisdiction of the court, without a summons, there is no reason why the justice should not proceed in the same manner as if the defendant had appeared in obedience to a summons duly issued and served.

3. Where a defendant was brought before a justice of the peace, on a *capias*, it not appearing that an affidavit was filed sufficient to authorize the issuing of the writ, and made no objection to the manner in which he was brought into court, but voluntarily confessed that he was indebted to the plaintiff in the sum demanded, and that the same was due and unpaid: *Held*, that such appearance invested the justice with jurisdiction to render judgment against him for the amount claimed.

APPEAL from the Circuit Court of Iroquois county; the Hon. CHARLES H. WOOD, Judge, presiding.

This was an action of replevin, brought by Ebenezer Harris and John Worden, against Irwin E. Bliss, for certain goods and chattels. The defendant, among other pleas, justified the taking and detention of the property under executions issued upon the judgments mentioned in the opinion of the court.

The plaintiffs, among other things, replied that there was no valid judgment rendered against said William Mower.

The court below held the judgments to be void, and a recovery was had in favor of the plaintiffs. The defendant appealed.

Mr. L. E. PAYSON, for the appellant.

Mr. W. G. COY, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The only question presented by the record in this case is, whether certain judgments rendered before a justice of the peace are valid. They are as follows:

"JAMES HOWARTH  
       *v.*      } *Demand,* $78.79.  
"WILLIAM MOWER. 

"1870, October 24, *capias* issued, returnable forthwith, unless special bail be entered; and if such bail be entered, you will then command him to appear before me, at my office, on the first day of November, 1870, at 10 o'clock A. M.; and handed to E. Bliss to serve."

"1870, October 24, *capias* returned by Constable Bliss, served by bringing the defendant before the court. Fees, $1.05. 24th October, 1870, 10 o'clock A. M., cause was called. Parties appeared. Plaintiff demands of defendant the sum of $78.79. Defendant confesses that he is indebted to said plaintiff in the above sum, which is due and unpaid; whereupon, it is considered by the court that said plaintiff have and recover of said defendant the sum of $78.79, for his judgment against said defendant, and costs of suit herein, taxed at $3.65.                    O. P. Ross, J. P."

The other judgment was in favor of Travis, and against Mower; amount, $12.10. In form, it is the same as the preceding one, except it shows that the *capias* issued on the oath of the plaintiff.

It is true, the court of a justice of the peace is of inferior and limited jurisdiction, and in order to render the judgments of such courts valid, it must appear that they had jurisdiction of the subject matter and of the person, yet the policy of our laws forbids that the proceedings and judgments of these courts should be defeated by technicalities.

Justices of the peace are established in every township in the State, to enable parties not acquainted with the formal requirements of law to obtain speedy trials, without pleadings, and without being compelled to employ counsel skilled in the law to assist. Formalities in the summons or rendition of judgment are not required.

In the judgments under consideration, there is no question but the justice had jurisdiction of the subject matter. The only point made against the validity of the judgments is, that the court did not have jurisdiction of the person of the defendant. The statute requires the justice to issue a summons, which is to be served on the defendant three days before the trial. The object of the summons is, to bring the defendant before the court. Now, if the defendant appears before the justice, and voluntarily submits himself to the jurisdiction of the court, without a summons, there is no

reason why the justice can not proceed in the same manner as if the defendant had appeared in obedience to a summons issued and served.

It does not appear that an affidavit was filed sufficient to justify the justice to issue the *capias*, and when the defendant was brought before him, had he refused to submit to the jurisdiction, no judgment could have been legally rendered; but the docket of the justice of the peace shows, when the defendant appeared, no objection was made to the manner in which he was brought in court, but he voluntarily *confessed* that he was indebted to the plaintiff in the sum demanded, which was *due* and *unpaid*, whereupon the justice of the peace rendered judgment.

Under this state of facts, we do not entertain any doubt of the authority of the justice to render the judgments. Case of *Bragg* v. *Fessenden*, 11 Ill. 544, is directly in point.

Case of *Elliott* v. *Daiber*, 42 Ill. 468, cited by counsel for appellee, is not in point in this case. In that case, the only question was, whether a judgment rendered was by confession. This court held it was not, for the reason that the language used by the defendant in that case could not bear that construction. All that the defendant said in that case was, "he could not deny the plaintiff's demand." In that case, the court use this language: "It does not follow, because a defendant says he can not deny the plaintiff's demand, that he is the plaintiff's debtor. Defendant may have claims to set-off, which he may not choose to litigate before the justice."

The language used by the defendant in the case under consideration is entirely different, and precludes the idea that he had any set-off, or any defense, or wished to litigate in any other court. He confessed that he was indebted to plaintiff in the sum demanded, which was due and unpaid; but it is not necessary that this should be a judgment by confession, to sustain it. When the defendant submitted himself to the jurisdiction of the court, and freely and voluntarily confessed

that he owed the debt, it was proper for the court to enter the judgments precisely as if summons had been served upon him.

The judgment of the circuit court will be reversed and the cause remanded.

*Judgment reversed.*