JOHN HEMMER *et al.*

*v.*

ROSALIE WOLFER *et al.*

*Filed at Ottawa May 9, 1888.*

1. PROCESS—*mistake in date of summons.* A bill in chancery was filed May 5, but the summons appearing in the record bore date *April 5,* and required the defendants to appear before the court "on the third Monday of May, *instant.*" The writ came to the hands of the sheriff on May 5: *Held,*

that the writ would be regarded as having been issued in May, and the use of the word April, a mere clerical error.

2. SAME—*service upon minors by delivering copy to a member of the family, etc.* On bill in chancery by a step-father, against his step-children, to subject their land to sale, the service of the summons by the delivery of a copy thereof to the complainant, informing him of its contents, will confer no jurisdiction on the court as to the persons of the defendants, and a decree of sale upon such service will be void as to them.

3. SAME—*recital of service in decree—presumption.* Where a decree is entered in a chancery cause at a term subsequent to the return term, and it recites that the defendants were duly served with process, but the service, as shown by the record, is insufficient, it will be presumed, in favor of such finding, that a second summons was issued and served to the subsequent term.

4. Where, however, a decree is rendered at the return term of a summons. the service of which is insufficient to give jurisdiction, a recital in the decree of proper service will not render the decree valid. The record, in such case, must prevail over the recitals in the decree.

APPEAL from the Superior Court of Cook county; the Hon. R. S. WILLIAMSON, Judge, presiding.

Mr. J. BLACKBURN JONES, and Mr. ROBERT H. McMURDY, for the appellants:

Infant defendants must be served with process, or their rights will in nowise be affected by the judgment or decree of the court. *Hickenbotham* v. *Blackledge,* 54 Ill. 316; *Fischer* v. *Fischer,* id. 231.

It is not enough that a summons issued against minor defendants, although a guardian *ad litem* was appointed, who filed a formal answer for them. Unless the summons was lawfully served, they can not in any wise be affected by the decree rendered in that cause. *Campbell* v. *Campbell,* 63 Ill. 503; *Sconce* v. *Whitney,* 12 id. 150.

As against infant defendants the statute must be strictly followed, and everything must be proved. *McClay* v. *Norris,* 4 Gilm. 370; *Hitt* v. *Ormsbee,* 12 Ill. 166; *Tuttle* v. *Garrett,* 16 id. 354; *Cochran* v. *McDowell,* 15 id. 10; *Masterson* v. *Wiswold,* 18 id. 48.

They (minors) are the peculiar objects of care of a court of chancery, and can not be injured by the conduct of others. *Morgan* v. *Herrick*, 21 Ill. 481.

Where infant defendants are not in court, owing to defective service, the appointment of a guardian *ad litem* is void. *Mc-Dermaid* v. *Russell*, 41 Ill. 489.

Where service of summons is insufficient to confer jurisdiction, the decree rendered in such case is a nullity, and may be questioned in a collateral proceeding. *Botsford* v. *O'Conner,* 57 Ill. 72; *Haywood* v. *Collins*, 60 id. 328.

Service of summons can not be made on any defendant by the plaintiff in the case. *Tallon* v. *Schempf*, 67 Ill. 472; *Lee* v. *Fox*, 89 id. 226; *Filkins* v. *O'Sullivan*, 79 id. 524.

The reason is because of his interest in the case. The summons must be served by a person wholly disinterested. *Woods* v. *Gilson*, 17 Ill. 218; *Tallon* v. *Schempf*, 67 id. 472; *Coal Co.* v. *Edwards*, 103 id. 472.

Mr. WILLIAM VOCKE, and Mr. HARVEY STORCK, for the appellees:

When the record shows service which is insufficient, and the record fails to show that the court found it had jurisdiction, then the presumption of jurisdiction is rebutted. *Clark* v. *Thompson*, 47 Ill. 25; *Botsford* v. *O'Connor*, 57 id. 73; *Haywood* v. *Collins*, 60 id. 328.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

John Hemmer and Angela Hemmer, by their next friend, Robert H. McMurdy, brought an action of ejectment, in the Superior Court of Cook county, against Rosalie Wolfer and others, for the recovery of certain lots, which, it is conceded, formerly belonged to John Hemmer, deceased, and through whom all parties claim title. The cause was heard before the court without a jury, resulting in a judgment for the defendants, and the plaintiffs appealed.

It appears that John Hemmer in his lifetime executed to Gerhard Foreman a deed of trust on the premises, for $2000, which was a subsisting incumbrance on the property when he died.    After his death, his widow, the mother of appellants, married Lorenzo E. Wolfer, and during their marriage this incumbrance was paid off.    There is a controversy as to who furnished the money with which this indebtedness was discharged.    Appellants contend that it was furnished by their mother, Mrs. Wolfer, while appellees claim that it was paid by Lorenzo E. Wolfer, her husband.    After its payment, and the release of the trust deed, Mrs. Wolfer also died, and shortly thereafter Lorenzo E. Wolfer married the appellee Rosalie Wolfer.    After Wolfer's intermarriage with her he filed a bill against the appellants, his two minor step-children and Gerhard Foreman, alleging that he had furnished the money with which the Foreman incumbrance was discharged, and prayed that he might be subrogated to Foreman's rights under the trust deed, and that the trust property be sold to reimburse him for the money so paid.    There was a decree in conformity with the prayer of the bill.    The property was sold under it, and Wolfer became the purchaser.    In due time he received a master's deed, through which appellees claim title.

The principal question to be determined upon the present appeal is, whether the appellants are bound by that decree. It is claimed by them that the court failed to acquire jurisdiction of the persons of the defendants, and that the decree, as to them, is therefore void.

The record of the proceedings, which were put in evidence in this case, contains but one summons, which bears date *April 5,* and required the defendants to appear "on the first day of the next term of the said circuit court, to be holden at the court house in Chicago, on the third Monday of May, *instant.*"    If the writ had really issued on the 5th of April, there would have been an intervening term of the court, commencing on the 16th of April, which, of course, would have vitiated the

writ. But, notwithstanding the date of the writ, by the use of the word *"instant,"* after the word "May," it shows that it was really issued in May, and not in April. There was no uncertainty at all as to when the defendants were required to appear, nor as to the fact that the writ, notwithstanding its date, contains internal evidence that it was really issued in May. The utmost that can be claimed is, that there is a repugnancy respecting the time of issuing it. That in point of fact it was issued on the 5th of May, instead of the 5th of April, there is really, the whole record considered, no room for doubt. The bill in the case was not filed till the 5th of May, the same day on which the writ came to the hands of the sheriff. This, together with the other facts mentioned, fully warrants the conclusion, that the use of the word April, instead of May, was a mere clerical error. But as the service of this writ is clearly bad, it will not be necessary to express any opinion as to the effect of the clerical error respecting its date.

The sheriff's return to the writ states that it was served on the appellants May 9, 1877, "by leaving a copy for each of them at their usual place of abode, with Lorenzo E. Wolfer, a member of the family of each of them, he being a person of the age of ten years and upwards, at the same time informing him of the contents thereof." This service is formal in every respect, except that it appears, from the return and otherwise, that the copies of the writ were placed in the hands of the complainant in the bill, and their contents were explained to him only. On the authority of the cases of *Lee et al.* v. *Fox et al.* 89 Ill. 226, *Filkins* v. *O'Sullivan,* 79 id. 524, and *St. Louis and Sandoval Coal and Mining Co.* v. *Edwards et al.* 103 id. 472, it is clear the service was insufficient, and consequently, the court, by reason thereof, failed to obtain jurisdiction. The decree, however, finds, as matter of fact, that proper service was obtained upon the defendants, and appellees insist, that as it was entered at the subsequent June term, to which a valid writ might have been issued and served, this court must,

under the authority of *Turner* v. *Jenkins,* 79 Ill. 228, *Haworth* v. *Huling,* 87 id. 23, and *Miller* v. *Handy,* 40 id. 448, for the purpose of sustaining the recitals in the decree, presume that proper service was had. Assuming the facts to be as claimed by counsel, there is no doubt of the soundness of this position. A supplemental record, however, has been filed in the cause, from which it now clearly appears that the decree in question was not entered at the June term of the court, as was originally supposed. The decree was rendered on the 16th of June, 1877, and the June term of that year did not commence till the third Monday, which was after that day,—so that the decree was really entered during the May term, being the return term of the writ, the service of which, we have already seen, was invalid. The record, therefore, presents the simple case of a decree rendered at the return term of a writ the service of which was insufficient to give the court jurisdiction, and the question to be determined is, whether, in such case, a recital of proper service upon the face of the decree would make any difference, so far as the jurisdiction of the court is concerned. That it would not, has been repeatedly held by this court. Had there been a subsequent term of court, to which another writ might have been issued and properly served, then the rule would be otherwise. But such is not the case.

For the error indicated, the judgment of the court below will be reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Judgment reversed.*