Kopperl v. Nagy.

---

ALEXANDER KOPPERL
v.
JOSEPH NAGY.

*Judgments—Judicial Notice—Laws of Sister State—Jurisdiction.*

1. In an action on a judgment rendered in a sister State, judicial notice will be taken of the laws of that State so far as necessary to ascertain the faith and credit to be given to the judgment.

2, The record of a judgment of a court not of record and of limited territorial jurisdiction is not admissible in evidence without affirmative proof that the parties resided within the jurisdiction of the court.

3. An entry of judgment in a court not of record of "judgment for the plaintiff for $37.99 damages besides $2.50 cost, and $7 extra costs," is sufficiently formal and certain.

[Opinion filed June 2, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Mr. JOSEPH PFIRSHING, for appellant.

No appearance for appellee.

GARNETT, J. Appellee brought this suit before a justice of the peace, who rendered judgment for the plaintiff. The case was taken to the Superior Court by appeal, where, on a trial by the court without a jury, judgment was again rendered for the plaintiff, and the defendant appeals from that judgment. The action was on a judgment for appellee against appellant, alleged to have been rendered by the District Court of the City of New York for the Fourth Judicial District. No evidence was given of the statutes or decisions of New York to prove the organization and jurisdiction of the District Court, but the better rule is that in an action on a judgment rendered in a sister State, judicial notice will be taken of the laws of that State so far as it may be necessary to ascertain the faith and credit to be given to the judgment. Rae v. Hulbert, 17 Ill. 577; Paine v. Schenectady Ins. Co., 11 R. I. 411; 2 Phillipps on Ev., 191, star paging. By Sec. 1279, Vol. 2, of the Session Laws of 1882, of the State of New York, it is provided that the city of New York is divided into ten judicial districts, in which there shall continue courts denominated District Courts of the first, second, etc., districts of that city, and that they are not courts of record; Sec. 1280 prescribes the territorial jurisdiction of the respective judicial districts within the city,

Kopperl v. Nagy.

assigning different boundaries to each; by Sec. 1284 these courts have such jurisdiction in civil actions as is specially conferred upon them by statute, and no other; by Sec. 1289 an action or proceeding of which these courts have jurisdiction must be brought, " 1, in a court held in a district in which either the plaintiff or defendant, or one of the plaintiffs or one of the defendants resides, unless all the plaintiffs or all the defendants reside out of the city of New York, in which case the action or proceeding may be brought in either of the said districts, * * * 3, by plaintiffs not residing in the city and county of New York in the district in which the defendant, or one of the defendants resides, and against a defendant or defendants not residing in said city and county, in the district in which the plaintiff, or one of the plaintiffs resides; but where all the parties reside out of said city and county, the action may be brought in any district. No person who shall have a place of business in the city shall be deemed a non-resident under the provisions of this title."

The transcript of the record admitted in evidence, on the trial in the Superior Court, over defendant's objection, set forth a summons to appellant, issued by the District Court, dated February 20, 1885, a return of service indorsed thereon the same day, and a judgment as follows:

" Judgment for the plaintiff for $81 99-100 damages, besides $2 50-100 cost, and $7.00 extra costs.

"Dated the 6th day of March, 1885.

"ALFRED STECKLER, Justice."

There was nothing in the transcript to show the residence of either Nagy or Kopperl, and no other evidence was offered. While the title of the New York court might imply that it was a court of superior jurisdiction, the statute creating it and defining its jurisdiction, clearly places it in the class with inferior courts of limited jurisdiction. One of the rules governing such courts is, that nothing can be presumed in favor of their jurisdiction. Kenney. v. Greer, 13 Ill. 432; Shufeldt v. Buckley, 45 Ill. 223; 1 Phil. on Ev., 822, note 224; 7 Rob. Practice, 67 *et seq.*  Lowe v. Alexander, 15 Cal. 297, was an action of ejectment, the defendant's title depending

on the validity of a judgment of a justice of the peace, in a civil action. The statute of California provided that "No person shall be held to answer to any summons issued against him from a justice's court, in a civil action, in any township or city other than the one in which he shall reside," except in certain cases, one of which was that "when the defendant is a non-resident of the county, he may be sued in any township or city wherein he may be found." The suit was before the justice for township No. 4, but it did not appear that the defendant was a resident of that township or a non-resident of the county. The court said: "It is well settled that no intendments can be indulged in favor of the jurisdiction of inferior courts, but their jurisdiction must affirmatively appear, or their judgments will be absolutely void. * * * As the record in this case does not show that the suit was brought in the proper township, we are forced to hold that the proceedings were *coram non judice* and void. It was not necessary for the defendant to appear and object to the jurisdiction. He could have waived the objection by a voluntary appearance, but the jurisdiction is an affirmative matter, to be shown by the record, and the question is not whether the defendant appeared and objected, but whether this affirmative matter sufficiently appears upon the face of the record." It does not appear from the report of Lowe v. Alexander, that any evidence, apart from the justice's transcript, was offered, to prove the fact of the defendant's residence, and hence we may regard so much of the opinion as requires that jurisdictional fact to appear affirmatively from the copy of the justice's docket, as extra-judicial. And so we find that the doctrine so announced was so far modified in Jolley v. Foltz, 34 Cal. 321, as to allow evidence *aliunde* of the jurisdictional facts, which the statute did not require the justice to record in his docket. See, also, Freeman on Judgments, Sec. 518. In a direct proceeding on appeal, it was held, in Frees v. Ford, 6 N. Y. 176, that the jurisdiction of an inferior court, in which the action was commenced, must appear from the record. But in Van Deusen v. Sweet, 51 N. Y. 378, a case of collateral attack on the jurisdiction

of an inferior court, it was held that the record was not required to show affirmatively, and on its face, the jurisdictional facts; that it was enough that they existed and were properly shown to the court. Frees v. Ford was approved in Gilbert v. York, 111 N. Y. 544. The latter was also a direct attack by appeal, and it held that the complaint should have averred that the defendants were residents of the county where the suit was brought, so as to give the County Court (which in that State was an inferior court) jurisdiction. But as no evidence, outside of the transcript, was offered on the trial of this case, the question is not presented whether, in a case of collateral attack, proof is admissible to supplement the record, and that is left undecided.

The admission of the transcript, however, in the absence of all proof of the facts of residence necessary to give jurisdiction, was error.

Counsel for appellant contends that the entry shown by the transcript is no judgment because of uncertainty. Considerable latitude, in matters of form, is given to the proceedings of inferior courts. Their judgments need not possess the technical accuracy required in courts of record of general jurisdiction. C. & R. I. R. R. Co. v. Whipple, 22 Ill. 105; Bliss v. Harris, 70 Ill. 343; Aldrick v. Maitland, 4 Mich. 205; Lynch v. Kelly, 41 Cal. 232. But we have the authority of Fish v. Emerson, 44 N. Y. 376, for saying, that a justice's judgment, in almost the words shown in the transcript now in question, is a valid judgment. As the judgment is to have the same faith and credit here as in New York, this objection could not be sustained.

It is also claimed for appellant that the transcript showed no record of a judgment, but merely a memorandum of the justice on the back of the summons, in the form above recited. Inspection of the record, however, satisfies us that it is the record of the judgment that is copied into the transcript.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*