# MINER N. KNOWLTON
## v.
# JULIA KNOWLTON.

*Divorce—Separate Maintenance—Decree—Interlocutory or Final.*

A decree in proceedings for separate maintenance, finding that the wife is entitled thereto, but not the amount to be paid, expressly leaving that for future determination after an inquiry and report shall be made by the master to whom the matter is referred, is simply interlocutory, and not the subject of review either on appeal or writ of error.

[Opinion filed June 2, 1891.]

IN ERROR to the Circuit Court of Cook County; the Hon. O. H. HORTON, Judge, presiding.

This is a proceeding for separate maintenance and the decree to reverse which the writ of error is prosecuted, is as follows:

" JULIA KNOWLTON  
vs.  
MINER N. KNOWLTON.

This cause having come on to be heard upon the second amended bill of complaint, and the amendments thereto, the answer thereto and the replication of complainant to such answer, and the proofs taken in open court in this cause, the court having heard the arguments of the respective counsel and being fully advised in the premises, does find that all the material allegations in the said second amended bill and the amendments thereto contained, are true as therein stated, and that the equities in this cause are with the complainant, and that said complainant was at the commencement of this cause and for a long time prior thereto living separate and apart from her said husband, the defendant herein, without her fault; and that said defendant abandoned the said complainant prior to the commencement of this suit without any just cause or fault upon her part, as is alleged in said bill of complaint.

It is therefore ordered, adjudged and decreed by the court that the complainant is entitled to separate maintenance from the defendant, and on motion of counsel for complainant, it is ordered that this cause be referred to George Mills Rogers, a master in chancery of this court, to take proofs of the respective parties as to the value of the defendant's estate at the time of the commencement of this suit, and the situation and circumstances of the respective parties, and to report the same to this court, together with his conclusions and the recommendations as to what will be a reasonable sum to be allowed to the complainant for her support and her maintenance, and also such sum or sums of money as would be reasonable and proper to pay her solicitor's fees, and to defray the other necessary expenses and cost of this suit; and that he also inquire and report as to the time when, and manner in which, such sums should be paid to said complainant; that the master cause to come before him such witnesses as the respective parties may desire and deem necessary, and to examine them severally on oath, and reduce their testimony to writing and report the same, together with his conclusions thereon, to this court."

Messrs. B. M. MUNN and H. D. PAUL, for plaintiff in error.

Messrs. L. H. CRAIG and D. W. ALBAUGH, for defendant in error.

MORAN, P. J.   It will be seen by reading the decree set out in the foregoing statement that it finds the appellee is entitled to a separate maintenance from appellant, but that it does not find the amount to be paid, but expressly leaves that for future determination after an inquiry and report shall be made by the master to whom the matter is referred.   Such a decree is merely interlocutory, and not the subject of review either on appeal or writ of error.   Hunter v. Hunter, 100 Ill. 519.

The writ of error must therefore be dismissed.

*Writ dismissed.*