## Miner T. Knowlton v. Julia Knowlton.

1. Decrees—*Finding of Service.*—Where, in a decree, the " court finds that said petition has been duly served on the " appellee, as the manner of service is shown by the record to have been by the publication of the order of the clerk, the finding by the court that the petition was " duly served," is to be referred to the manner so shown.

2. Judgments—*Notice as to Other States.*—Whenever the validity of a judgment or decree of another State is in question, the courts of this State must take notice of the laws of the other State, so far as may be necessary to ascertain the faith and credit to be given to such judgment or decree, under the constitution and laws of the United States.

3. Divorce—*Foreign Decree.*—A sailor, whose domicile was in Connecticut, married a widow in Brooklyn, N. Y. They lived there together a short time, and then he sailed away, making provision, however, for her subsistence in Brooklyn during his absence. He afterward obtained a divorce in Connecticut, his petition containing an allegation that the wife was " in parts unknown." The statute of Connecticut provides that, " On all petitions for a divorce where the adverse party resides out of, or is absent from the State, either judge of the Supreme Court of Errors, or of the Superior Court, or any clerk of said courts, or any county commissioner, may, in vacation, make such order relative to the notice to be given to the adverse party as he shall deem reasonable, and such notice having been given and duly proved to the court, said court may proceed to the hearing of said petition at the first term, or may direct such further notice to be given as said court shall deem proper." *It was held,* that as she might easily, at the time of the divorce, have been found by the appellant in Brooklyn, and as it appeared that he knew it, the evidence would justify the court below in finding that for this fraud the decree of divorce was void.

**Memorandum.**—Appeal from the Circuit Court of Cook County; the Hon. Oliver H. Horton, Judge, presiding. Heard in this court at the March term, 1893, and affirmed. Opinion filed March 18, 1893.

B. M. Munn, attorney for appellant.

Craig & Samuels, attorneys for appellee.

Mr. Justice Gary delivered the opinion of the Court.

A writ of error from an interlocutory decree in this case was here dismissed at the March term, 1891, 40 Ill. App. 588.

A large mass of testimony has since been taken on the

subject of the ability of the appellant to pay alimony, etc., but it is not abstracted, and we shall not consider it. Truby v. Case, 41 Ill. App. 153.

The real contest between the parties is as to the validity of a decree of divorce entered by the Superior Court of the State of Connecticut, in and for the county of Fairfield, on the 26th day of October, 1869, upon the petition of the appellant, dated October 4, 1869. That petition, which does not appear to have been sworn to, or supported by any affidavit, nor even signed by the appellant, but only by his attorney, contained an allegation that she was then "in parts unknown."

The clerk of that court then made an order of publication, which was complied with, and in the decree the "court finds that said petition has been duly served on the" appellee.

As the manner of service is shown by the record to have been by the publication of the order of the clerk, the finding by the court that the petition was "duly served," is to be referred to the manner so shown (Hemmer v. Wolfer, 124 Ill. 435), even when the decree is collaterally questioned. Settlemier v. Sullivan, 97 U. S. 444.

The record shows that both the appellant and the appellee, put in evidence here statutes of Connecticut, but the statutes so put in are only referred to in such a way that one having the books might find them, and are not copied in the record. That course does not help the court to consider the statutes cited, any more than would the reference to a book and page in the recorder's office as to a deed there recorded, bring the deed into the case.

But whenever the validity of a judgment or decree of another State is in question, the courts of this State must take notice of the laws of that other State, so far as may be necessary to ascertain the faith and credit to be given to such judgment or decree, under the constitution and laws of the United States. Kopperl v. Nagy, 37 Ill. App. 23.

The only statute of Connecticut to which the counsel of the appellant refers that is material, is as follows:

"Divorce Act: On all petitions for a divorce where the adverse party resides out of, or is absent from the State, either judge of the Supreme Court of Errors, or of the Superior Court, or any clerk of said courts, or any county commissioner may, in vacation, make such order relative to the notice to be given to the adverse party as he shall deem reasonable, and such notice having been given and duly proved to the court, said court may proceed to the hearing of said petition at the first term, or may direct such further notice to be given as said court shall deem proper."

The appellant was a sailor in the service of the United States, and his domicile was in Connecticut when he was married. She was a widow, residing in Brooklyn, New York. They lived there together a short time, and then he sailed on a voyage, making provision for her subsistence in Brooklyn during his absence. That she might easily, at the time of the divorce, have been found by the appellant in Brooklyn, and that he knew it, the evidence would justify the court below in finding, and for aught that appears the court did so find, and acting on the authority of Caswell v. Caswell, 120 Ill. 377, for his fraud, held the decree of divorce void.

If so it be, it is to be disregarded. Werner v. Werner, 30 Ill. App. 159.

In the decree appealed from, it is found "that all the material allegations in the said second amended bill and the amendments thereto contained, are true as therein stated."

Among those allegations is the fraud of the appellant, which avoids the jurisdiction of the Connecticut court.

Her second amended bill alleged that for more than three years immediately preceding the filing of his petition for a divorce, he was a citizen and resident of the city of Brooklyn, Kings county, New York.

That they were married in Brooklyn, September 18, 1866, and lived together there the residue of that year, or a little longer, is proved; when he sailed he left provision by which she would receive from the Navy paymaster, at Brooklyn, $50 per month, and as she testified, before going he provided a flat and left her housekeeping with servants, and it appears

from his testimony that whatever the premises were that she called a flat they were in Brooklyn.

Before he went they had lived in those premises as a family by themselves, not boarding.

Now the fact that he established his wife in a home in Brooklyn, and left her there, is some evidence that he intended to change, and had changed, his domicile to Brooklyn, and therefore the court in Connecticut had no jurisdiction. Jacobs, Domicile, Sec. 401; 2 Bishop M. & D., Sec. 144.

·The evidence from which his change of domicile is found may not be conclusive, nor very strong, but the court below had the witnesses present, and whatever may be the fact as to his domicile, there can be no doubt that he intended to, and did, steal a march upon her with a divorce suit of which he intended that she should have no knowledge.

Whether, if his domicile were in Connecticut, she can be allowed to treat the divorce as a nullity because of that fraud, or must be driven to a direct suit in the court that rendered the decree, to set it aside, is a question very difficult to decide; but if his domicile were not there, then there is no doubt.

We are not satisfied that any error was committed by the Circuit Court, and affirm the decree.