## TORTAT v. HARDIN MIN. & MFG. CO.

(Circuit Court, D. South Dakota, W. D. October 30, 1901.)

1. REMOVAL OF CAUSES—TIME FOR APPLICATION—VOID SERVICE OF SUMMONS.
    Where the service of summons on a corporation in an action in a state court is void, the time limited by the state statute for the defendant to appear and plead, and within which it may file a petition for removal, does not begin to run from such service, and it may appear for the purpose of filing such petition at any time, even after judgment has been rendered against it by default.

2. SAME — EFFECT OF FILING PETITION AS APPEARANCE — MOTION TO QUASH SERVICE.
    The filing of a petition and bond for removal is not such an appearance as precludes the defendant from moving to set aside the service of process after removal, and such a motion filed in the state court before removal, and not acted on, is properly before the federal court for decision after removal.

3. PROCESS—SERVICE ON CORPORATION—COLLUSION.
    One H., who was resident manager in South Dakota of an Illinois corporation, in which he was also a director, assigned a cause of action existing in his favor against the corporation to a friend without consideration for the purpose of having suit brought thereon by the assignee for his benefit, and by his direction such suit was brought in a state court, and the summons was served on him as manager of the corporation. *Held,* that such service was void, H. being the real party in interest as plaintiff.

On Motion to Remand to State Court, and on Motion to Set Aside or Vacate Service of Process.

McLaughlin & McLaughlin, W. R. Steele, and Hiram T. Gilbert, for defendant.

Chambers Keller, for plaintiff.

CARLAND, District Judge. On the 25th day of July, 1901, Henry A. Tortat commenced an action in the circuit court for the county of Lawrence, state of South Dakota, against the Hardin Mining & Manufacturing Company, wherein the plaintiff sought to recover from the defendant the sum of $11,000, with interest at the rate of 7 per cent. per annum from July 1, 1901. The plaintiff claimed to be a creditor of the defendant company in the amount stated by reason of an assignment to him by one James D. Hardin of certain indebtedness claimed to be due from the defendant company to said James D. Hardin for work and labor performed for said defendant company, and for moneys advanced. Upon the summons issued in said action appears the following return:

"State of South Dakota, County of Lawrence—ss.: I hereby certify and return that the within summons came into my hands on this 25th day of July, 1901, and I have served the same upon the within-named defendant by leaving a copy of said summons and complaint with James D. Hardin, one of the managers and directors of said company, by delivering to and leaving with him and each of them personally a true copy of the same at Deadwood, Lawrence county, South Dakota, on the 25th day of July, 1901, and that I know the person so served to be the same mentioned in said summons as defendant.

"Fred Doten, Sheriff of Lawrence County, South Dakota,
"By Fred W. Cindell, Deputy.

"Fees, $1.80."

Under the laws of the state of South Dakota the defendant company were required to answer the complaint attached to the summons in said action within 30 days after the service of the summons, exclusive of the day of service. On the 27th day of August the court in which said action was commenced, upon proof that no answer, demurrer, or appearance had been made in said action by the defendant, upon the sworn complaint of the plaintiff made and entered a judgment in favor of the plaintiff, Henry A. Tortat, and against the Hardin Mining & Manufacturing Company, in the sum of $11,117.55, together with the costs and disbursements in said action, amounting in the whole to $11,127.35. On the 26th day of September, 1901, the defendant, Hardin Mining & Manufacturing Company, a corporation organized and existing under the laws of the state of Illinois, filed in the circuit court for the county of Lawrence, state of South Dakota, its petition and bond for removal of said action to this court, on the ground of diversity of citizenship, Henry A. Tortat being a citizen of the state of South Dakota. The defendant accompanied said petition and bond for removal with a motion to set aside and quash the service of the summons and complaint in said action upon the defendant for certain reasons specified in said motion, which motion was supported and accompanied by the affidavit of Hiram T. Gilbert. Upon the filing of said petition

and bond for removal, the circuit court for the county of Lawrence, state of South Dakota, made an order transferring the cause to this court, and directing the clerk to make up the record for that purpose. The state circuit court did not act upon the motion to quash and set aside the service of process in the action. A transcript of the record was duly made by the clerk of the state circuit court, and was filed in this court on September 27, 1901. On the 12th day of October, 1901, the defendant, by its counsel, served proper notice upon counsel for plaintiff that the motion made in the state court at the time of the removal of this cause would be brought on for hearing before this court on the 18th day of October, 1901, at the hour of 2 o'clock p. m., or as soon thereafter as counsel could be heard. In addition to the affidavit of Hiram T. Gilbert filed with the motion, other affidavits and proof have been submitted, both in support and in opposition to the granting of said motion. The plantiff, by his counsel, on the 14th day of October, 1901, made a motion in this court to remand said cause to the state circuit court for the reason that the time in which the defendant could have removed the cause had expired prior to the filing of the petition and bond for removal, and also for the reason that there was no action or controversy pending between the parties that could be removed at the time the order of removal was made by the state circuit court. The motion filed by the defendant in the state circuit court was special, and for the purpose only of moving to set aside and to quash the service of process. The petition for removal also refers to the character of the appearance. However, under the authority of Railway Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431, the filing of a petition and bond for removal in general terms is not such an appearance as would preclude the defendant from moving in this court to quash and set aside the service of process. If the case is properly removed, the motion which was filed in the state court, and not there determined, is properly before this court for decision, but the motion to remand raises the question as to whether or not the cause is properly here. On the face of the record the time in which the defendant could appear and plead to the cause of action of the plaintiff had long expired before the petition and bond for removal was filed in the state court. In support of the motion to vacate and quash the service of process, however, there is submitted undisputed evidence that James D. Hardin, the assignor of the plaintiff, Tortat, was a director of the defendant, and the only director or officer thereof residing in South Dakota; that in order to sue the defendant company, of which he was a director, for certain demands which he claimed were due to him by the defendant company, he assigned, without any consideration whatever, to the plaintiff, Henry A. Tortat, the claims for which Tortat brought this action, with the distinct understanding between Hardin and Tortat that when Tortat should recover judgment the judgment should be assigned to Hardin, or whomsoever he should name. Tortat testifies that he had no interest in the matter whatever, and simply allowed his name to be used as plaintiff to accommodate Hardin. Tortat did not employ the attorneys who brought the action or pay any of the expenses of the

suit. It appears that the process issued, and was served by the sheriff upon Hardin. Hardin, in the testimony used in support of the motion to quash, testified as follows:

"Q. Mr. Tortat had no personal interest in the suit, did he, Mr. Hardin? A. None only through me as a friend. Q. Just as a friendly accommodation to you he brought the suit? A. Yes, sir. Q. Do you remember whether or not, after the papers were signed, you took them over to the sheriff's office, requesting the sheriff to serve you at that time? A. I remember I took the papers over, but whether Mr. Tortat went over when I did I do not know. Q. You went over there? A. I went over to the sheriff's office to be served. Q. And were served there? A. Yes, sir; if I remember right."

I think that the weight of the testimony introduced in support of the motion is to the effect that the defendant company had no other notice of the pendency of the action than the service of the summons and complaint upon Hardin, as appears from the return of the sheriff. If the time in which the defendant was required to answer or plead to the plaintiff's cause of action had expired at the time of the filing of the petition and bond for removal in the state court, then the cause must be remanded. Whether or not the time had so expired depends on the further question as to whether the service of the summons in the action upon the defendant was void. If valid, the time had expired; if void, it had never commenced to run, so that the determination of one motion involves the determination of the other. If Hardin had commenced the suit himself against the defendant company, and had himself served with process, the service would certainly be void, and would have conferred no jurisdiction upon the state court to render the judgment that it did. Is the case any different where, by collusion, Hardin assigns his claim against the company merely for the purpose of having a suit brought, and the service in the action is made upon him as a director? In the opinion of this court, this circumlocution could give no validity to the service. It was and is void. Buck v. Manufacturing Co., 4 Allen, 357; Mining Co. v. Edwards, 103 Ill. 472; St. Louis & S. Coal & Mining Co. v. Sandoval Coal & Mining Co., 111 Ill. 32; Hemmer v. Wolfer, 124 Ill. 435, 16 N. E. 652; 6 Thomp. Corp. § 7528; 4 Thomp. Corp. § 5205. Hardin was the real party in interest, and under the code practice prevailing in this state he was the plaintiff, as the state law requires all civil actions to be brought in the name of the real party in interest. The reason why the law holds a service of process upon the person who brings the action void applies equally strong in a case like the one at bar. The interest of Hardin, who, as the real party in interest, is plaintiff, was so antagonistic to his duty as an officer of the defendant company to defend the suit as to render any service upon him void. The plaintiff being a citizen of the state of South Dakota, and the defendant an Illinois corporation, and the amount involved being sufficient, defendant had a right to remove this action into this court by making timely application therefor in the state circuit court. Can the state court, by rendering a judgment upon a service which is void, deprive the defendant of its right to remove the action to this court? If so, then the state court has the power to deprive the defendant of a right granted to it by

an act of congress. It is elementary that no state court can, by its action, abridge a right granted under a constitutional law of the United States. The defendant not having been served with process, the time in which it should answer or plead never did begin to run.

No case exactly like the one at bar has been cited by counsel, nor has the court been able, on its own investigation, to find any case exactly parallel. The case of Youtsey v. Hoffman (C. C.) 108 Fed. 693, would seem, in its reasoning, to sustain the views here expressed. In that case, which was an action brought in a state court of the state of Kentucky to wind up the affairs of a corporation, pending a reference to a commissioner to take proofs and report upon the claims against the corporation, the receiver, by leave of court, filed what he called an answer and set-off, in which he admitted the correctness and validity of the claims which two persons had proved before the commissioner, but pleaded as a set-off a claim for damages against them arising out of their misconduct as officers of the corporation. Such claim was not one which the state statute authorized to be pleaded as a set-off or counterclaim. No order was entered making the receiver a party to the suit, and no process was issued upon his pleading. Without any appearance by the persons against whom such claim was made, judgment was rendered against them thereon for a large sum. Subsequently they appeared specially, and moved to set the judgment aside, and pending such motion one of them pleaded to the merits as to the claim made against him by the receiver's pleading, and at the same time filed a petition and bond for removal, being a citizen of another state. After removal the receiver moved to remand. On this state of facts it was held that the receiver was not a party to the suit, nor entitled to file any pleading therein; that the pleading filed by him was, in legal effect, a petition instituting a new action, in which the court could acquire jurisdiction of the defendants only by due service of process; and that, treating the action of one of them in pleading to such petition as an appearance which conferred such jurisdiction over him, his application for removal, made at the same time, was timely. Baumgardner v. Fertilizer Co. (C. C.) 58 Fed. 1; Donahue v. Fire-Clay Co. (C. C.) 94 Fed. 23. The case must be treated as if an action had been commenced in the state court by the plaintiff against the defendant, and no service of process. Under the laws of the state of South Dakota, issuance and deliverance of the summons to the sheriff of the proper county in an action, with intent that it shall be served, creates a pending action. The defendant could, by a voluntary appearance, at any time file its petition and bond for removal, and remove the cause; and this appearance need not be general, but may be special for any purpose which the defendant deems proper. In this action the proof shows that the defendant was not aware of the rendition of the judgment against it until the 10th of September, 1901. If there had been no service on the defendant, the defendant had the right to appear at any time, for any proper purpose; and defendant did appear in the action in the state court specially for the purpose of quashing and setting aside the service of process in said action, and also for the purpose of remov-

ing the cause, and it must be held that it is properly here, and the motion to remand must be denied.

From what has been heretofore said it also appears that the service of process upon the defendant was and is void, and the order must be that said service be quashed, and set aside, and the action dismissed. Hawkins v. Peirce (C. C.) 79 Fed. 452; Railway Co. v. Brow, supra.