## Fred Steele, Defendant in Error, v. Hathway Lumber Company, Plaintiff in Error.

### Gen. No. 18,178.

1. EVIDENCE, § 7*—*when judicial notice taken of foreign laws.* In an action on a foreign judgment of a justice of the peace, judicial notice will be taken of the laws of the State as far as it may be necessary to ascertain the faith and credit to be given to the judgment.

2. JUDGMENT, § 669*—*what shows jurisdiction.* Where in an action on a foreign judgment of a justice of the peace the record of the justice's suit shows that the defendant's attorneys entered an unqualified appearance, but that the defendant was not summoned, there being no evidence that the attorneys had no authority, their appearance gave the justice jurisdiction.

3. JUDGMENTS, § 670*—*when continuance of jurisdiction presumed.* Where in an action on a foreign judgment of a justice of the peace it appears that the justice had jurisdiction of the subject-matter and parties, he will be considered to have had such jurisdiction up to and at the time of entering judgment, unless it be shown that in some manner he lost jurisdiction before the entry of the judgment.

Error to the Municipal Court of Chicago; the Hon. WILLIAM C. DE WOLF, JR., Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed November 24, 1913.

ADAMS, BOBB & ADAMS, for plaintiff in error.

WINSTON, PAYNE, STRAWN & SHAW, for defendant in error; GEORGE A. KELLY, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiff, the defendant in error, brought an action of the fourth class in the Municipal Court of Chicago against the defendant, here the plaintiff in error, on a judgment of a justice of the peace rendered in the State of Alabama. On a trial before the court a transcript of the said judgment before the justice of the peace was introduced in evidence and also certain statutes of Alabama; and the defendant offering

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

no evidence the court entered judgment for the plaintiff for $47.80.

The transcript of the record introduced in evidence was properly authenticated, and we can see no good objection thereto. *State v. Hinchman,* 27 Pa. St. 479.

The defendant claims that it is not shown that the justice of the peace had jurisdiction. The suit before the justice of the peace, as shown by the record, was for $36 "for goods, wares and merchandise sold by the plaintiff to the defendant, on to-wit, the 12th day of July, 1910." The defendant appeared by its attorneys entering therein "an unqualified appearance in the above cause."

"In an action on a judgment rendered in a sister State, judicial notice will be taken of the laws of that State so far as it may be necessary to ascertain the faith and credit to be given to the judgment," applies to a court of inferior and limited jurisdiction as well as to a court of general jurisdiction. *Kopperl v. Nagy,* 37 Ill. App. 23.

That the defendant was not summoned is of no avail where its appearance was entered by its agents or attorneys. Where the authority of an attorney to represent a party in court is not questioned, the court may properly proceed on the assumption that the party is in court. And there being no evidence that such authority was questioned, and no evidence offered in the case at bar that the said attorneys had in fact no authority to represent the said defendant before the said justice, it seems to us that the said appearance gave the court jurisdiction of the parties. It appearing that the court had jurisdiction of the subject-matter and the parties, it will be considered to have continued to have such jurisdiction up to and at the time of entering judgment, unless it be shown that in some manner it lost jurisdiction before the entry of the judgment; and nothing of such nature is shown by this record.

The judgment is affirmed.

*Affirmed.*