## Bent Jacobson, Appellant, v. A. J. Austin and William Sargent, Appellees.

### Gen. No. 6,908.

1. JUSTICES OF THE PEACE—*formality required of judgment.* It is well settled in this State that the same precision and formality are not required in the judgment of a justice of the peace as are required of courts of record, and that it is sufficient if the meaning is plain and that a judgment against the defendant must necessarily be in favor of the plaintiff.

2. JUSTICES OF THE PEACE—*effect of erroneous entitling of case on liability of justice and constable for enforcement of execution.* The entitling of a case before a justice of the peace in the name of "Joseph Fleming & Son" was not a fatal defect rendering the justice and constable liable to trespass in the enforcement of the execution, where jurisdiction of the person was not denied and the entries showed for what the suit was brought, and there was a trial by jury and a verdict for plaintiff and an assessment of his damages and judgment was rendered in favor of Joseph Fleming & Son.

Appeal from the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the April term, 1921. Affirmed. Opinion filed November 2, 1921.

C. E. RUSSELL, for appellant.

SAUM & ACREE and PALLISSARD & BENJAMIN, for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellant sued appellees in an action of trespass in the circuit court of Iroquois county and filed an amended declaration with two counts, one for the unlawful seizure of corn under an invalid execution issued by a justice of the peace and the other for the unlawful sale of such corn. Austin was the justice and Sargent was the constable, and the only defect alleged in the proceedings before the justice and thereafter

was that there was no judgment rendered and therefore the execution and proceedings thereunder were void, and it was charged that the justice and constable conspired together to seize and sell this corn fraudulently and extortionately, wilfully and illegally. These adjectives are of no avail if there was a valid judgment. The court below sustained demurrers to the amended declaration, plaintiff elected to abide by his amended declaration, and there was a judgment in bar against plaintiff, and plaintiff appeals.

Appellant cites numerous cases where judgments have been held faulty and defective by the courts of this State. In every case so cited, except one, the judgment assailed was rendered by a court of record, and of such courts the observance of due regularity is required. The only exception in the cases cited is *Bennett v. Karasik*, 164 Ill. App. 362, decided by this court. In that case a justice had rendered a proper judgment, and several days later made another entry "case called and above judgment rendered." We held this was not a judgment and that the justice had no power to enter it several days after he had disposed of the case. It is well settled in this State that the same precision and formality is not required in the judgments of a justice of the peace as is required of courts of record. In *Lancaster v. Lane*, 19 Ill. 242, the only judgment was as follows: "The justice imposed a fine of $5 each." The court below had refused to admit that judgment in evidence. The court said that it would go far to sustain the proceedings of a justice in all cases where he had jurisdiction, and that that tribunal should not be condemned for mere errors and irregularities of proceedings, and it held that that was a valid judgment. In *Madison County Court v. Rutz*, 63 Ill. 65, the trial court had refused to admit in evidence the record of a judgment by a justice because it did not show in whose favor it was rendered. The justice's docket began with the title of the case and

the names of the parties and concluded by rendering judgment for a certain sum against the defendant. The court said that technical precision cannot be required in entries by justices; that it is sufficient if the meaning is plain; and that a judgment against the defendant must necessarily be in favor of the plaintiff. In *Bliss v. Harris,* 70 Ill. 343, involving the question whether a certain judgment rendered by a justice was valid, it was said that the policy of our laws forbids that the proceedings in judgments of such courts should be defeated by technicalities, and that such courts were established to enable parties to obtain trials without being compelled to employ counsel skilled in the law to assist. In *Brennan v. Shinkle,* 89 Ill. 604, the court said: "As the proceeding was commenced before a justice of the peace, technical precision and accuracy in the form of the entries are not indispensable." There are other decisions in this State to the like effect.

On the justice's docket the cause in which this execution was issued was entitled *Joseph Fleming and Son v. Bent Jacobson.* It is contended that this does not show who the plaintiffs were and that the names of the individuals composing the firm should have been stated. This contention is answered by *Robinson v. Magarity,* 28 Ill. 423, where the plaintiffs before a justice sued by the name, "Robinson, Dunham & Co." It was held there was no presumption that any firm name includes more than one person and that plaintiffs suing in a firm name are not required to show who composed the firm unless it is put in issue by a proper denial verified by affidavit. In the case before us the suit had been begun before another justice and had been removed to defendant, Austin, by change of venue. The summons and return are not set out nor is it alleged that there was any lack of service. Jurisdiction of the person is not denied. The entries show for what the suit was brought, that there was a trial

by jury, and a verdict finding the issues for the plaintiff and assessing his damages at $15, and that judgment for $15 and costs was rendered in favor of Joseph Fleming & Son. As said in one of the cases just cited, it could only be against the defendant, whose name was given on the docket in the title of the case. We are of opinion that, tested by the requirements as to proceedings before justices, this was a valid judgment against Jacobson for $15 and costs. It follows that the execution and levy were valid. Also, said docket appears to show that defendant took an appeal and gave a bond and the declaration shows nothing as to what the facts were as to said appeal. While numerous adjectives were used in the declaration, there are no averments of facts, except as to the alleged non-existence of a judgment, which would make either justice or constable liable to this action in trespass.

The judgment is therefore affirmed.

*Affirmed.*