## M. P. Schenk et al. v. Mercy Schenk.

1.  APPEALS—*From an Order of the County Court Admitting a Will to Probate—Must be to the Circuit Court.*—An appeal from the order of the County Court admitting a will to probate is not a suit or proceeding at law or in chancery, within the meaning of section 8 of the Appellate Court act.    The appeal is, therefore, properly taken to the Circuit Court of the county.

Probate Proceedings.—Trial in the Circuit Court of Fulton County, on appeal from the County Court of said County; the Hon. JOHN A. GRAY, Judge, presiding. Appeal dismissed for want of jurisdiction. Heard in this court at the November term, 1898. Reversed and remanded. Opinion filed February 7, 1899.

W. SCOTT EDWARDS and H. W. MASTERS, attorneys for appellants.

Section 8, Chap. 37, R. S., the Appellate Court act, is a general statute creating these Appellate Courts and regulating the practice therein and defining the jurisdiction thereof. It became in force July 1, 1877, and was amended in 1887. Section 14, of Chap. 148, the statute of Wills, went into force July 1, 1872. It is a special statute. S. & C. Stat., Chap. 148.

There is no repugnancy in the two sections. The Appellate Court act regulates appeals from final judgments, orders or decrees in any suit or proceeding at law or in chancery, etc., while section 14 of the statute of wills regulates an appeal from an order of the County Court and Probate Court, allowing or disallowing any will to probate, which is not a proceeding at law. It is not *inter partes*, but *in rem*. It is informal without written pleadings; it is of a summary character and there are no hostile parties; there is no jury and no contest.

A suit or proceeding at law, as those terms are used in section 8 of the Appellate Court act, as amended, must be understood to mean a suit or proceeding instituted and carried on in substantial conformity with the forms and modes prescribed by the common law (Grier v. Cable, 159 Ill. 29–36); and that proceedings for the probate of a will in the County Court do not come within that definition.

This case is not a suit or proceeding at law or in chancery, within the meaning of the Appellate Court act, and the appeal was properly taken to the Circuit Court from the County Court. The repeal of a statute by implication is not favored. Bruce v. Schuyler, 4 Gil. 221; Ottawa v. La Salle Co., 12 Ill. 339; McDonough Co. Sup. v. Campell, 42 Ill. 490; Hume v. Gossett, 43 Ill. 297; Cole v. Van Riper,

44 Ill. 58; Harding v. R. R. & St. L. Co., 65 Ill. 90; Wragg v. Penn. Tp., 94 Ill. 11; Holton v. Daly, 106 Ill. 131; Hyde Park v. Oakwooks Cemetery Ass'n, 119 Ill. 141.

JAMES & BRECKENRIDGE, attorneys for appellee, contended that while the widow may not be, in legal sense, strictly a creditor, she is a preferred claimant, made so by "law," with a status fixed and defined too immovably to be changed or altered at the behest of either avarice or ill-will. Strawn v. Strawn, 53 Ill. 263; Phelps v. Phelps, 72 Ill. 545; Miller v. Miller, 82 Ill. 463; York v. York, 38 Ill. 522.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was an appeal to the Circuit Court from an order of the County Court allowing the will of John Schenk to probate. The Circuit Court sustained the motion of appellee to dismiss the appeal, and dismissed the same for want of jurisdiction, from which order appellants prosecute this appeal.

The only question presented by the record for our decision is, whether an appeal from the order of the County Court, admitting a will to probate, is given by law to the Circuit Court, or whether the appeal lies directly to this court.

Section 14 of the statute in regard to wills provides:

"Appeals may be taken from the order of the County Court, allowing or disallowing any will to probate, to the Circuit Court of the same county, by any person interested in such will, in the same time and manner as appeals may be taken from justices of the peace, except the appeal bond and security may be approved by the clerk of the County Court; and the trials of such appeals shall be *de novo*."

It is contended by appellee that this section is superseded, or repealed by implication, by section 8 of the Appellate Court act. No direct decision of the Supreme Court or any of the Appellate Courts have been cited to sustain this point, and so far as we are advised no such decisions exist. It is insisted, however, by counsel for appellee, that the reasoning of the Supreme Court contained in the case of Union Trust Co. v. Trumbull, 137 Ill. 146, and Lee v. People,

140 Ill. 536, and other like cases, by which the court reached the conclusion that section 8 of the Appellate Court act as amended in 1887, had the effect, by implication, of repealing section 122 of the County Court act, should with like force and effect be applied to section 14 of the statute in regard to wills. We are not, however, disposed to apply the doctrine of those cases further than the Supreme Court itself has extended it, and have reached the conclusion that the reasoning of the Supreme Court, contained in the later case of Grier v. Cable, 159 Ill. 29, has the greater analogy to the question here presented. In the latter case it was held that the presentation and allowance of claims against the estates of decedents are in no proper sense suits or proceedings at law or in chancery, but purely statutory proceedings, provided for the prompt and summary presentation, allowance and classification of all just claims against such estates. While the probate of a will may be of ancient jurisdiction in certain courts, the same may also be said of claims against the estates of decedents, the jurisdiction thereof being still retained, under our constitution, by the common law courts. Darling v. McDonald, 101 Ill. 370. Still it can not be justly said that the jurisdiction conferred by the statute in regard to wills is in any proper sense a suit or proceeding at law or in chancery, but is purely and merely a statutory proceeding provided for the prompt and summary method of probating and giving effect to wills in testate estates.

Our conclusion then is, that this is not a suit or proceeding at law or in chancery, within the meaning of section 8 of the Appellate Court act, and that the appeal, therefore, was properly taken from the County Court to the Circuit Court, and for the error in dismissing such appeal the judgment of the Circuit Court will be reversed and the cause remanded.