## William Haines, Adm., etc., v. James R. Cearlock, Exr., etc., et al.

1. WRITS OF ERROR—*Who is Entitled to the Writ.*—A party who sues out a writ of error must be a party or privy to the record and be prejudiced by the judgment. He must be a party or privy in blood, in representation and in estate when injuriously affected by the judgment, and an administrator is a privy in representation so far as the personal property of a deceased person is concerned.

2. SAME—*In Case of the Death of a Judgment Debtor.*—The right to sue out a writ of error in case of the death of a judgment debtor is in the personal representative without a revival of the judgment.

3. SAME—*By Persons Found to be of Unsound Mind.*—A writ of error will lie to review the action of a county court in a proceeding to appoint a conservator for a person of unsound mind by the party against whom such proceedings are had, where such party has had no notice of such proceedings.

4. APPEALS—*And Writs of Error.*—Where an appeal is given by statute from the judgment of a court, the remedy must be by appeal; but where the party has been injuriously affected by the judgment and has had no opportunity to appeal without any fault or neglect on his part, as where he has had no notice of the proceedings against him, he may have a writ of error to review such proceedings.

5. LUNACY PROCEEDINGS—*When a Writ of Error Will Lie.*—In proceedings under the act providing for the appointment of conservators for persons of unsound mind, appeals lie to the Circuit Court; but where such proceedings have been had without notice to the person affected, the judgment or decree of the court is void and may be reviewed upon a writ of error from the Appellate Court.

6. DE LUNATICO INQUIRENDO—*Recognized at Common Law.*—The statute of this State has not created the right to the writ of *de lunatico inquirendo*, but has provided only how such right is to be exercised.

Proceedings to Vacate Order Appointing a Conservator.—Error to the County Court of Fayette County; the Hon. GEORGE T. TURNER,

Judge, presiding. Heard in this court at the August term, 1900. Order vacated. Opinion filed March 11, 1901.

LANE & COOPER, attorneys for plaintiff in error.

S. A. PRATER, attorney for defendants in error.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

On February 24, 1899, John H. Cearlock filed an affidavit in the County Court of Fayette County, in which he alleged that Nancy M. Haines was feeble-minded and unable to care for her property and effects, and that Dr. W. B. Shelton and LaFayette Casey and others would testify to these facts, and asked that a commission of two physicians be appointed to determine the truth of said affidavit. On the same day Dr. C. R. Van Vranken and Dr. W. B. Shelton were appointed such commission by the County Court. This commission reported that on March 4, 1899, they found said Nancy M. Haines to be of unsound mind and recommended the appointment of a conservator. Thereupon J. J. Prater, defendant in error, was appointed conservator, and letters of conservatorship were issued to him.

Nancy M. Haines sued out a writ of error from the Supreme Court to review this order of the County Court appointing a conservator. During its pendency, she removed from Fayette county to Montgomery county, where she died November 25, 1899, and her son William Haines (plaintiff in error in the case at bar) was appointed by the County Court of Montgomery County, her administrator. He was also substituted in the Supreme Court as plaintiff in error.

The writ of error was issued from the Supreme Court upon the ground that the validity of the statute for the appointment of conservators was involved. The writ was dismissed by that court for the reason that the record failed to show that any notice had been given to Nancy M. Haines of the pendency of the proceedings, and the further reason that it failed to show any judicial finding that she was of feeble mind and unable to manage her busi-

ness.  The court held, that, the record failing to show
jurisdiction of the person in the County Court, and failing
to show any judicial finding upon the facts alleged in
the petition, there was no appointment of a conservator
shown, and therefore there was no case before it that could
involve the validity of the statute.  The legal effect of its
holding was, that the record before it did not show juris-
diction in the County Court to appoint a conservator.  The
case is William Haines, Admr., v. John H. Cearlock and
J. J. Prater, Conservator, etc., and is reported in 184 Ill.,
p. 96.  In the opinion Mr. Justice Cartwright says:

"The record contains no notice of a summons to Nancy M.
Haines, and shows no trial or inquest by the court as to
whether or not she was of sound mind and capable of manag-
ing her own estate, or as to the truth of the allegations of the
petition.  So far as appears from the record, the court
merely appointed these two physicians to decide as to the
truth of the petition, and upon their report that they found
the statements of the petition to be true, the judgment was
entered.  The necessity of a notice to the party to be
deprived of property or liberty in such a proceeding was
declared in Eddy v. People, 15 Ill. 386," and cites from that
case.

It is further said in the opinion:

"A court is a place where justice is administered, judi-
cially, and the person authorized to administer justice in a
judicial proceeding must be present.  The statute contem-
plates a hearing, which necessitates the presence of the
judge, and the presence of the parties is indispensable."

The case is now before us first upon the motion of John
R. Cearlock, executor of John H. Cearlock, deceased, and
J. J. Prater, conservator of Nancy M. Haines, defendant in
error, to dismiss the writ of error issued by this court.

The motion to dismiss is based upon two grounds.

First.  The record in the case shows of itself that the
plaintiff in error was without authority to sue out the writ
of error.

Second.  A writ of error from this court will not lie to
review the action of the County Court in a proceeding
wherein the jurisdiction is purely statutory, and when an

appeal to the Circuit Court is the only mode of review provided by the statute.

In support of the first ground as stated, it is urged that by virtue of the appointment of Prater as conservator, and of the statute making the conservator the administrator of his ward upon her death, that the County Court of Montgomery County was without jurisdiction to appoint plaintiff in error administrator of Nancy M. Haines, and that his appointment was therefore null and void.

A sufficient reply to this point is, that the Supreme Court, upon the record of the Fayette County Court before it, in Haines v. Cearlook et al., cited *supra*, as a matter of law, held that the appointment of Prater as conservator, under the provision of the statute, was null and void, and for that reason refused to pass upon the validity of the statute involved. The same record is before us in this case, certified by the county clerk to be full and complete. The adjudication of the Supreme Court upon a matter of law, upon this record, is binding upon this court and was binding upon J. J. Prater and John H. Cearlock, defendants in error in that proceeding, and is binding upon said Prater and John R. Cearlock, executor of John H. Cearlock, defendants in error in this proceeding. In other words, by the adjudication of the Supreme Court, J. J. Prater was not made conservator of Nancy M. Haines by virtue of the order of the Fayette County Court, and not having been her conservator during her life he did not become her administrator after her death. Since that adjudication he has been an unauthorized intermeddler with her personal estate, and not her administrator.

It is further urged, that plaintiff in error, as administrator of Nancy M. Haines, has no standing or right to prosecute this writ of error.

The Supreme Court recognized this right by substituting him as plaintiff in Haines v. Cearlock et al., *supra*, after the death of Nancy M. Haines. But if it is said that this point was not pressed upon the Supreme Court, and its action therefore not conclusive, we think there is abundant

authority to sustain the right of an administrator to so act.

It is said in text, Vol. 6, Am. & Eng. Ency., p. 817:

"The party who sues out the writ of error must be a party or privy to the record, and prejudiced by the judgment. The party must be a privy in blood, privy in representation, and privy in estate when injuriously affected by the judgment."

An administrator is privy in representation so far as the personal property of the deceased is concerned.

"The right to bring writs of error in case of death of the party against whom the judgment was rendered will be in the personal representative, without a revival of the judgment, because the personal representative stands in the shoes of the deceased." Phares v. Saunders, 18 W. Va. 336.

The objection that plaintiff in error "had no right to sue out the writ" is not, therefore, well taken.

The second ground urged in support of the motion to dismiss the writ is, that the jurisdiction of the County Court to appoint a conservator is purely statutory; and that the statute conferring this jurisdiction provides for an appeal to the Circuit Court, and that when such appeal is provided, a writ of error will not lie from an Appellate Court to review the proceedings of the County Court.

This statement of the general rule is supported by authority. Kingsbury v. Sperry, 119 Ill. 282; Allerton v. Hopkins, 160 Ill. 457. The act under which conservators can be appointed, Sec. 11, Chap. 85, Hurd's Revised Statutes, provides that "appeals shall be allowed to the Circuit Court from any order or judgment made or rendered under this act upon the applicant giving such a bond and security within such time as the court may direct."

The jurisdiction of the Fayette County Court in the present case, being purely statutory, and an appeal being provided by the statute to the Circuit Court, the cases above cited are conclusive against the jurisdiction of this court to review by writ of error, unless something is shown to take this case out of the application of this rule.

Plaintiff in error insists that this case does not come under

the rule above stated, for the reasons that the judgment of
the County Court was void for want of notice; that no
appeal lies from a void judgment; that when a defendant
has no notice of an action, he has no opportunity to appeal,
and that in such case, a writ of error being a writ of right,
it will lie, although the statute provides for an appeal only.

When the court has no jurisdiction over a party against
whom a judgment or decree is rendered, the judgment is
absolutely void.   The St. L. & Sandoval Coal and Mining
Co. v. The Sandoval Coal and Mining Co., 111 Ill. 32; Hay-
ward v. Collins, 60 Ill. 328.

It is said in Frizzell v. Rogers, 82 Ill. 112:

" It can not be said appellee ought to have appealed,
because the commissioners having acted without jurisdic-
tion there was nothing to appeal from."

To the same effect is Com. of Highways v. Hoblit, 19 Ill.
App. 263.

A void judgment, however, may be reversed on error.
Nelson v. Rockwell, 14 Ill. 377.

Our attention is not called to any Illinois decision which
passes upon the jurisdiction of an appellate court to issue a
writ of error, when there has been no notice to the defend-
ant in a suit brought under a statute that provides for an
appeal only.   In Massachusetts it is held that in such cases
a writ will lie.   In Putnam v. Churchill, 4 Mass. 516, it is
said : ·

" It is generally true that, where an appeal is given by
statute from the judgment of any court, the remedy
*  *  *  should be by appeal.  *  *  *  But this rule
does not extend to cases where the party had no opportu-
nity to appeal, without any fault or neglect on his part."

In Monk v. Guild, 3 Met. 374, it is said :

" The rule that he who has a right to appeal shall not ·
bring error, applies of course to cases only, where the party
had an opportunity to appeal.   If he never appeared, or
was never duly summoned, and judgment was rendered
against him by default, the case would be very different."

In Gay v. Richardson, 18 Pickering, 418, it is said:

" It is generally true, that error  will not lie to reverse a

judgment which might have been appealed from. But persons who were not notified of the suit, or were incompetent to act, can not, with any propriety, be said to have had an opportunity to appeal, and therefore they may maintain a writ of error."

To the same effect is Valier v. Hart, 11 Mass. 300, and Monk v. Guild, 3 Metcalf, 374.

We think that the reasons for exceptions to the rule excluding a review by writ of error when the statute provides for an appeal, in cases where there is no notice to the defendant, are sound, and that such exceptions are necessary to enable courts to do justice between parties. The present case clearly comes within that class where such exceptions should be allowed.

Defendants urge, also, in support of their motion to dismiss, that this is not a suit or proceeding at law or in chancery within the meaning of Sec. 8 of the Appellate Court act, and therefore this court has no jurisdiction. Citing Grier v. Cable, 159 Ill. 29; Stull v. Stull, 68 Ill. App. 390; Schenk v. Schenk, 80 Ill. App. 614.

Commissions in lunacy are recognized at common law. It is said in Cooley's Blackstone, 3d book, p. 427, 2d Ed., that " proceedings by commission in lunacy are on the law side of the court of chancery, and can be reversed, if erroneous, by writs of error in the regular course of law." Under the revised statutes of 1845, conservators were appointed by the judges of the circuit courts, and the issue of lunacy or incompetency was tried by a jury. Subsequently the jurisdiction to appoint conservators was conferred upon county courts, and a jury was required when demanded. As commissions *lunatico de inquirendo* were recognized at common law, it follows that the statute of this State has not created this right but has only provided how it shall be exercised. In this respect it is like the statute regulating assignments. Of this statute it is said in Union Trust Co. v. Trumbull et al., 137 Ill. 158:

" Since a mere modification and regulation of an existing common law right can not make it purely a statutory right,

the trust in behalf of creditors, by virtue of a voluntary assignment, is no less a subject of equitable cognizance, since the enactment of this statute, than it was before its enactment, and hence if no tribunal has been named for the enforcement of the provisions of the statute, it would have devolved upon a court of chancery to do so. The proceeding is not a statutory proceeding, but a chancery proceeding modified by statute. It is true, as to the County Court it is a new and special jurisdiction, but so is any chancery or common law jurisdiction conferred upon that court, for it exercises no inherent common law or chancery jurisdiction."

From this reasoning, the court decided that in assignment cases, an appeal should be taken to the Appellate, instead of the Circuit Court, upon the ground " that it was a suit or proceeding in chancery."

Applying the same reasoning to the case at bar, we conclude that, except for the clause in the statute that provides for an appeal to the Circuit Court from adjudication of insanity or feeble-mindedness, an appeal would lie to the Appellate Court; and as we have before held in this opinion that this case presents an exception to the rule requiring an appeal to the Circuit Court, it follows that in this case a writ of error may issue from this court.

The motion to dismiss the writ is therefore overruled.

The record of the proceedings in the Fayette County Court showing no jurisdiction of the person, and no adjudication by the court on the allegations of the petition, we hold, as held in Haines v. Cearlock et al., *supra*, that the appointment of the conservator was null and void, and the order making such appointment is hereby set aside and vacated, and judgment for costs against defendants in error is hereby ordered.