### Ida Frida Moll, Executrix, v. Sanitary District of Chicago.

#### Gen. No. 12,866.

1. DESCRIPTIO PERSONAE—*when use of word "trustee" is.* An action instituted by a person with the word "trustee" suffixed, is an action instituted by such person in his individual capacity where no further reference is made by allegation to the use of the word "trustee."

2. WRIT OF ERROR—*who entitled to prosecute.* Where an action is instituted for the recovery of interest the personal representatives of the deceased plaintiff, and not his heirs, are entitled to prosecute a writ of error to review the judgment rendered against such plaintiff in his lifetime.

3. EMINENT DOMAIN—*when owner of land entitled to interest upon compensation awarded.* Where land has been taken possession of prior to final judgment, the plaintiff in the action is entitled to have the jury include in their award of damages interest by way of compensation for the use of the land in the interim between the preliminary and the final judgment.

4. EMINENT DOMAIN—*what not essential to authorize jury in allowing interest upon compensation awarded.* In order to obtain the allowance of compensation for the use of land taken prior to final judgment, it is not essential that the petition or cross-petition filed in the condemnation proceeding pray for such allowance.

5. EMINENT DOMAIN—*when action does not lie to recover compensation for taking of land.* Where the petitioner took possession of the land condemned prior to final judgment, the owner should have insisted in the condemnation proceeding that the jury award damages for the use of the land in the interim between the preliminary and the final judgment; where no such award was insisted upon or obtained, a separate action will not lie, the final judgment in the condemnation proceeding being *res judicata.*

6. RES JUDICATA—*of what judgment in condemnation proceeding is.* A judgment in a condemnation proceeding is *res judicata* not only as to the matters actually determined but as to all matters which might have been determined in the cause.

Action on the case. Error to the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Affirmed. Opinion filed January 15, 1907.

ELLIS S. CHESBROUGH, for plaintiff in error.

ERASMUS C. LINDLEY and JOHN C. WILLIAMS, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action on the case brought by Carl Moll, trustee, plaintiff, against defendant in error, defendant, the Circuit Court sustained defendant's demurrer to the declaration, and plaintiff electing to stand by his declaration, entered a final judgment for the defendant, to reverse which the executrix of Carl Moll has sued out this writ of error.

The first count of the declaration avers that the defendant, July 14, 1892, filed its petition in the Circuit Court of DuPage county, under the Eminent Domain Act, to condemn certain parcels of land situate in that county in said petition described, and made plaintiff a defendant thereto; that in said proceeding there was a verdict and judgment fixing the compensation to be paid to the owner of said lands at $6,000; and an order entered, that upon the deposit of said sum by the petitioner for the benefit of the owner, petitioner take possession of said lands; that October 1, 1892, petitioner deposited said sum, took possession of said lands and still retains possession thereof; that upon an appeal prosecuted by plaintiff, said judgment was reversed; that the venue was changed to the Circuit Court of Will county, in which court a decree was entered finding that plaintiff was

the owner of said parcels of land, and an order entered that said cause be continued as to a part of the lands described in the petition; that as to the remainder of said lands the jury assessed the compensation to be paid to the owner at $20,312.80; that petitioner filed no amendment to its petition asking to have the damages assessed for taking possession of plaintiff's property under said reversed decree; that defendant Moll filed no cross petition, and the evidence before the jury was confined to the value of the property on July 14, 1892; that June 29, 1895, a decree was entered on said verdict in favor of plaintiff for $20,312.80, with interest from the date of the decree only; that plaintiff moved in said cause to be allowed interest for the occupation of his premises, which was denied in said decree as follows:

"And now defendants apply to the court to further award them interest at the rate of five per cent. per annum from the date of the former judgment herein to this date. Thereupon, to prevent the necessity of offering evidence on that subject, it was mutually stipulated by all parties in interest (petitioner, however, objecting to the court hearing said matter, and denying the competency of said facts, and the power of the court to hear said matter or to grant said motion), that the original petition herein for condemnation was filed July 6, 1892; that the former judgment herein was entered on August 27, 1892, and that petitioner took possession of said premises by virtue of said judgment in October, 1892, and that prior to so taking possession, it deposited with the bank designated in the former judgment order the respective sums awarded by said judgment order for the taking of said herein described premises.

"And thereupon the court heard arguments of counsel upon said motion of defendants to award them interest from the date of said former judgment order; and upon due consideration thereof, denies said motion, to which ruling of the court defendants now here excepted."

The second count avers that the defendant became

indebted to the plaintiff in the further sum of $778.75 for the following consideration. It sets out that the compensation of the owner of the lands as to which the cause was continued as set out in the first count was fixed by the verdict and judgment thereon at $5,250, and contains the same allegations as the first count as to the taking possession thereof by the defendant and the pleadings and issues in the condemnation case, but does not aver that the plaintiff moved in that case to be allowed interest for the use and occupation of said lands by the defendant.

The third count avers that defendant became indebted to the plaintiff in the sum of $3,568.31 on September 18, 1895, on the consideration that the defendant had, on October 1, 1892, taken possession of all plaintiff's before described property and had damaged the same by digging a channel, covering the remainder with debris, etc., to the amount of its total value, whereby defendant became liable to the plaintiff for legal interest on the value of said premises until it subsequently acquired legal title thereto. That the defendant received notice, more than 60 days before bringing suit, of the nature and amount of plaintiff's claim.

That defendant, etc., afterwards promised, etc., to pay, etc., but has hitherto neglected, etc., to the damage of plaintiff in the sum of $5,000, and therefore the said plaintiff brings suit, etc.

Plaintiff died after the judgment here sought to be reversed was entered and before the writ of error was sued out. The right of his personal representative to sue out the writ of error is challenged by the defendant in error.

The judgment here sought to be reversed was entered at the December term, 1900.

At the December term, 1905, the Circuit Court, upon motion supported by affidavits and notice to the defendant, entered an order that, "Ida Frida Moll,

executrix of the estate of Carl Moll, be and she hereby is substituted as plaintiff in this cause.''

The court had no jurisdiction or authority, after the judgment term, to enter this order, and it must be disregarded.

The first transcript filed in this court is certified to be a complete transcript of the record in a certain cause, ''wherein Carl Moll, trustee, was plaintiff, and the Sanitary District of Chicago, defendant.''

The errors assigned are, that the court erred in sustaining the demurrer to the declaration and in entering final judgment for the defendant. Upon this transcript and assignment of errors we think the propriety of the judgment entered at the December term 1900 is brought before us.

The word ''trustee'' appears in the declaration only in the title of the cause, which is no part of the declaration, and in the first line of the declaration after the name of the plaintiff, and must be disregarded. The action must be held to be one in which Carl Moll personally was plaintiff.

The suit was not to recover real estate or an interest in real estate. Plaintiff's interest in the real estate which was condemned and taken by the defendant, was so condemned and taken and the owner's compensation therefor assessed and paid in the lifetime of the plaintiff. The amount of the two final judgments in the condemnation proceeding may be regarded as the purchase money, the consideration for the sale of plaintiff's interest in said lands which was effected through and by means of said condemnation proceedings. The heirs of Carl Moll have no right to interest upon the compensation so awarded and paid to Carl Moll in his lifetime. Such right, if it exists, passed upon Moll's death to plaintiff in error as his personal representative, and she, therefore, has the right to prosecute this writ of error. Haines v. Cearlock, 95 Ill. App. 203; Gilmer v. Eubank, 13 Ill. 271.

In the condemnation proceeding the defendant Moll was entitled to interest on the amount of the compensation awarded him by the two final judgments, from the time petitioner took possession of his lands under the first judgment, until the final judgments were entered.    Phillips v. South Park Com'rs., 119 Ill. 626.

The Eminent Domain Act provides that the just compensation for property taken or damaged for public use shall be ascertained and assessed by a jury, as therein provided.

The oath administered to the jury in a proceeding under that Act is, that they will "well and truly ascertain and report just compensation to the owner and each owner of the property which is sought to be taken or damaged, according to the facts in the case as the same may be made to appear from the evidence."    Neither an amendment to the petition nor a cross petition was necessary to authorize the jury to include, as a part of Moll's compensation, an allowance for the use of his land from the time the petitioner took possession thereof until the trial.    The order giving the petitioner the right to take possession of Moll's land upon depositing the amount of the first judgment and giving a bond, was an order entered in the condemnation proceeding of which the court in which said proceeding was pending took judicial notice.

The demand sued for in this case was a proper element of compensation in the condemnation proceeding, but the question whether this action can be maintained to enforce such demand, depends upon whether it should have been presented to the jury and proven upon the trial of the condemnation case.    The report of the jury in that case and the judgment thereon are conclusive, not only as to matters actually determined in that suit, but as to any matter involved therein which might have been raised and determined in that case.    The duty and province of the jury in that case

was not to ascertain and report the value of the land taken at the date of the filing of the petition, but was to ascertain and report the just compensation to be paid to the owner for such taking.

The Eminent Domain Statute does not contemplate that the compensation to be paid to the owner shall be assessed by piecemeal, a part by the jury in the proceeding under that Act and a part recovered in a separate action brought by a property owner who was a defendant to such proceeding against the petitioner therein. Hayes v. C. M. & St. P. R. R. Co., 64 Iowa, 753; 2 Lewis on Eminent Domain, 499.

It follows from what has been said that in our opinion Moll could not maintain an action to recover interest on the value of his land while in the possession of petitioner under the orders of the court made in the condemnation proceeding, after accepting the compensation awarded him by the jury in that proceeding.

The declaration was drawn with the evident purpose to state such facts as would permit the question whether such action could be maintained, to be raised by demurrer to the declaration.

The first and second counts are clearly to recover such interest and the demurrer of the defendant thereto was properly sustained.

The third count, we think, fails to state facts which constitute a cause of action in favor of plaintiff against the defendant, and the demurrer to that count was properly sustained.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*